FLORENCE M. BEACHY *et al.* v. CHARLES SHOMBER.

No. 14,454. (84 Pac. 547.)

SYLLABUS BY THE COURT.

1. GUARDIAN AND WARD — *Notice of Application to Sell Real Estate.* The notice required by the statute to be given to a ward of the hearing of his guardian's application for leave to sell his real estate is jurisdictional, and a deed made without such notice's having been given is void, and subject to collateral attack.

2. PRACTICE, SUPREME COURT—*Confirmation of Guardian's Sale —Presumption as to Notice.* Where the record shows the giving of a notice to a ward of the hearing of his guardian's application for leave to sell his real estate, and such notice is for any reason unavailing, it cannot be presumed from the fact that the sale was confirmed by the probate court that any other notice was given.

3. GUARDIAN AND WARD—*Petition—Statutory Conditions—Validity of Deed.* A guardian's deed will not be held void upon a collateral attack merely because the petition of the guardian for leave to sell his ward's real estate does not affirmatively show the existence of the conditions which under the statute authorize such sale.

4. ——— *Report of Appraisers—Construction.* An ambiguous report of appraisers, made in the course of proceedings upon which a guardian's deed is based, will if possible be given. a construction that will uphold the deed.

Error from Franklin district court; DENNIS MADDEN, judge *pro tem.* Opinion filed February 10, 1906. Reversed.

*Gamble & Costigan,* and *W. H. Clarke,* for plaintiffs in error.

*Deford & Deford,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: In an action of ejectment the plaintiffs challenged the validity of a guardian's deed relied upon by the defendant. Findings of fact were made under which the trial court held that, although there were various irregularities in the proceedings

upon which it depended, the deed was not absolutely void. The plaintiffs prosecute error.

The findings show that a notice of the hearing of the application of the guardian for leave to sell the real estate of his wards was served upon them two days after the time therein named for such hearing. The actual hearing was had two weeks later. The trial court held that the service of the notice shown by the record was insufficient, but that a presumption of the giving of a new notice arose from the confirmation of the sale, and upon this theory sustained the deed. This view we are constrained to regard as erroneous. The statute in requiring a notice of the hearing of a guardian's application to sell real estate to be served upon the ward makes such notice jurisdictional, although in the absence of such requirement it is not generally so regarded. (15 A. & E. Encycl. of L. 63.) If an inference of the giving of a notice was derivable from recitals found elsewhere in the proceedings, such recitals must be deemed to have reference to the one notice affirmatively shown by the record, and no presumption of a different notice's having been served can be invoked in support of the deed. (*Mickel v. Hicks*, 19 Kan. 578, 21 Am. Rep. 161.)

The evidence is not preserved in the record brought here, and by reason of the theory adopted by the trial court there was no occasion for finding the facts in as full detail as would otherwise have been necessary. As a result of this situation the order of reversal will not include a direction for entering judgment, but merely one for granting a new trial, and as upon a second hearing the facts regarding the notice may be presented in a different aspect it becomes important to consider the other objections made to the deed.

The guardian's petition for leave to sell set out as a reason for such sale "that it will be for the interest of said minors that said real estate be sold for the following reason, viz., to pay debts of the estate." This falls far short of showing affirmatively conditions

which under the statute will authorize a sale, and which exist only "either when such sale . . . is necessary for the minor's support or education, or where his interest will thereby be promoted by reason of the unproductiveness of the property, or [on] its being exposed to waste, or any other peculiar circumstances, making it to the interest of the minor to have the property sold." (Gen. Stat. 1901, § 3299.) Yet the expression "to pay debts of the estate" may be interpreted to refer to indebtedness necessarily incurred by or for the minors themselves, and it is conceivable that upon the hearing facts may have been shown sufficient to bring the case within the very terms of the statutory requirement. We do not think the petition was so defective as to render the proceedings under it absolutely void, or the deed open to collateral attack.

"Whether the petition is in proper form, or sets forth sufficient facts, are matters for the determination of the court in the exercise of its jurisdiction. Of course, if a mere blank paper is filed as a petition, jurisdiction would not attach, because there would be nothing for the court to act upon; but when a petition contains sufficient matters to challenge the attention of the court as to its merits, and such a case is thereby presented as authorizes the court to deliberate and act, although defective in its allegations, the cause is properly before the court, and jurisdiction is not wanting. This principle underlies all judicial proceedings." (*Bryan v. Bauder*, 23 Kan. 95, 97.)

The real estate of the minors which was the subject of the sale was an undivided one-third interest in a city lot, which interest was sold for $333.33. The appraisement read:

"We, the above-named appraisers, do hereby certify that we have viewed the following-described real estate situated in said county, to us shown by U. M. Beachy, as guardian, to wit, one-third interest or part in lot 23, block 98, Main street, in the city of Ottawa, and we do hereby appraise the same at $\frac{1}{3} = \$400$, $1200$ dollars, amounting in all to the sum of twelve hundred dollars."

It is claimed that this shows that the interest of the minors in the lot was appraised at $1200, and that a sale for less than three-fourths of that amount was therefore void.  The report of the appraisers was ambiguous, but was open to the construction that in their judgment the lot itself was worth $1200, and the interest of the minors $400.  Indeed, there seems no other reasonable inference to be drawn from their inserting therein "⅓=$400."  It might be argued that as there were three minors who were tenants in common of the property to be sold the division by three was intended to show the value of the interest held by each, but as all the proceedings had regard to the sale of their collective titles, and not to the separate sale of the title of each, this hypothesis is untenable.  The ambiguity appears to have resulted from the careless use of a printed blank.

It seems probable that the statute of limitations (Gen. Stat. 1901, § 4444, subdiv. 2) has barred the claim of the oldest of the plaintiffs, but this cannot be ascertained from the record, which is silent as to the date of the recording of the guardian's deed.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.