## COWAN v. HUBBARD *et al.*

No. 4227. Opinion Filed August 31, 1915.

(151 Pac. 678.)

**GUARDIAN AND WARD—Guardian's Deed—Validity.** A guardian's deed will not be held void on a collateral attack merely because the petition of the guardian to sell the real estate of his ward defectively states the existence of the conditions under which the statute authorizes the sale.

(Syllabus by Wilson, C.)

*Error from District Court, Bryan County;*
*Summers Hardy, Judge.*

Action by Charles Cowan, a minor, by A. Neeley, guardian, against Charles J. Hubbard and others. Judgment for the defendants, and plaintiff brings error. Affirmed.

*Charles E. McPherren, Chas. B. Cochran,* and *Chas. P. Abbott,* for plaintiff in error.

*C. C. Hatchett* and *A. H. Ferguson,* for defendants in error.

Opinion by WILSON, C. Plaintiff in error, by his guardian, as plaintiff, sued the defendants in error, as defendants, in the trial court, to set aside and vacate a

guardian's sale of certain real estate belonging to him, and to set aside a guardian's deed purporting to convey said land to defendants, and to award the plaintiff judgment for the possession thereof. Several grounds for the relief prayed for were asisgned in plaintiff's petition; but the only one relied on in his petition in error, and urged in his brief, is the alleged ground that said deed is absolutely void, for the reason that the guardian's petition for the order of the county court to sell said land did not set out facts sufficient to confer jurisdiction on the court to make the order of sale, and for the further reason that the order of sale made pursuant thereto was absolutely void for want of jurisdiction of the court to make the same. On the trial of the action in the district court, the prayer of plaintiff's petition was denied, and the title of the defendant Charles J. Hubbard forever quieted as against the plaintiff.

The material parts of the petition of plaintiff's former guardian to sell the lands involved in this action, and the one complained of as not being sufficient to confer jurisdiction on the county court to order the sale of land. reads as follows, omitting the description of the lands:

"Your petitioner further states that said Chas. Cowan is a minor under the age of 14 years, and resides with your petitioner, who is his father, and that the said Chas. Cowan is a citizen of the Choctaw Nation or Tribe of Indians of less than one-half blood, and that there are no restr'ctions upon the alienation of his property. Your petitioner further states: That as such citizen there has been allotted to him as his allotment, of which he is the fee simple owner, the following lands, to wit: [Describing lands.] That Frances Cowan was the mother of said minor, and a citizen by blood of the Choctaw Nation, and the wife of your petitioner, and that she departed this life about the month of February, 1908, intestate, and

left surviving her your said petitioner, her husband, and said minor, Charles Cowan, and Myrtle Susie Cowan, the sister of the said Charles Cowan, and that she left no other heirs, her surviving, within the said degree of relationship. That as a portion of her allotment as such citizen the said Frances Cowan died seised and possessed of the following described lands, to wit: [Describing lands.] That the said Charles Cowan inherited and became the owner of an undivided one-half interest in the tracts of land last above described upon the death of his said mother, Frances Cowan, and that the said minor is not the owner of any other property, real or personal, except the lands above described, and that he is of scholastic age and should be placed in school.

"Your petitioner further states that said Frances Cowan, mother of said Charles Cowan, aforesaid, died of consumption, and that said disease is hereditary in the family, a number of her family having died of said disease, and that the said Charles Cowan is of a feeble structure and liable to become affected with said disease if kept in the climate where he now lives, and that it is necessary for the health and protection of said minor that he be removed to a more healthy climate, where he will be free from the natural causes which produce disease germs, and that his said lands above described can be sold for a reasonable price and will bring their value on the market, and that said lands should be sold and the proceeds invested in other real estate in a more healthy climate for the benefit of said minor, or in other revenue-bearing property for his benefit or his maintenance and education, and that a necessity now exists for the sale of said lands for said purposes. Your petitioner therefore prays the order of this court," etc.

Upon the hearing of the petition the county court of Bryan county ordered a sale of the land by the guardian, and it was afterward sold to one of the defendants pursuant to said order or license. Was the petition sufficient

to confer jurisdiction on the court to make such order of sale, which would be good as against a collateral attack; this being a collateral attack on the validity of the order?

Section 5498 of Snyder's Compiled Laws 1909 (sec. 6553, Rev. Laws 1910), provides.

"When the income of an estate under guardianship is not sufficient to maintain the ward and his family, or to maintain and educate the ward when a minor, his guardian may sell his real or personal estate for that purpose, upon obtaining an order therefor."

Section 5499 (sec. 6554, Rev. Laws 1910), provides:

"When it appears to the satisfaction of the court, upon the petition of the guardian, that for the benefit of his ward his real estate, or some part thereof, should be sold, and the proceeds thereof put out at interest, or invested in some productive stock, or in the improvement or security of any other real estate of the ward, his guardian may sell the same for such purpose, upon obtaining an offer therefor."

Section 5502 (sec. 6557, Rev. Laws 1910), provides:

"To obtain an order for such sale, the guardian must present to the county court of the county in which he was appointed guardian, a verified petition therefor, setting forth the condition of the estate of his ward, and the facts and circumstances on which the petition is founded, tending to show the necessity or expediency of a sale."

It is contended by the plaintiff that a substantial compliance with the provisions of the last-quoted section of the statute was necessary to confer jurisdiction on the court to order the sale of the real estate involved in this action, and that the guardian's petition for such sale did not substantially comply with the provisions of said section, and that consequently the court was without jurisdiction to order the sale, and the sale was void, even as

against a collateral attack thereon. In *Stockey v. Winstock*, 43 Okla. 758, 144 Pac. 372, it was held that:

"The petition of a guardian to sell the real estate belonging to his ward must state the condition of the estate, and facts tending to show the expediency or necessity of such sale, in order to give the court jurisdiction to order the sale."

And under that rule it is very doubtful if the allegations of the petition referred to were sufficient to warrant the sale when attacked directly by some proceeding provided by the statute for the express purpose of defeating it; but the action appealed from was a collateral attack on a judgment of a court having jurisdiction of the person and to order the sale of real estate in guardianship matters, and the question for our decision is whether the proceedings were so utterly void as to be subject to an attack of this kind. We think not. In A. & E. Enc. P. & P. vol. 10, p. 782, is the following statement of the law on the subject:

"The authority to grant a license to sell real estate carries with it the implied power to determine the necessity for such sale, and the sufficiency of the pleadings presented to the court for that purpose. Therefore, as a general rule, the authority of a guardian's sale cannot be attacked in a collateral proceeding on the ground that the petition for the order was insufficient. The power to hear and determine is jurisdictional. If the court thus having jurisdiction errs in holding an insufficient petition to be good, it is mere error, reviewable on appeal, but not a defect of jurisdiction."

To the same effect see *United States v. Morse*, 218 U. S. 493, 31 Sup. Ct. 37, 54 L. Ed. 1123, 21 Am. Cas. 782; *Equitable, etc., Co. v. Board of Com., etc.*, 86 Kan. 708, 121 Pac. 1097; *Board of Com. v. Equitable, etc., Co.*, 80 Kan. 492, 103 Pac. 996.

In *Baldwin v. Foster,* 157 Cal. 643, 108 Pac. 714, the Supreme Court of California states the rule as follows:

"On collateral attack, a judgment will be set aside, generally speaking, for but one of three reasons: Lack of jurisdiction of the person; lack of jurisdiction of the subject-matter; or an absolute lack of jurisdiction to render such a judgment as the one given."

In *Reid et al. v. Morton et al.,* 119 Ill. 118, 6 N. E. 414, an Illinois case, it is held that:

"The rule that, where a court has jurisdiction of the subject-matter and of the parties to the litigation, its judgments and decrees will be held valid when questioned collaterally, is held * * * to extend to the special and extraordinary proceedings of a guardian's sale."

In *Beachy v. Shomber,* 73 Kan. 62, 84 Pac. 547, the identical question under discussion was decided by the Supreme Court of Kansas in the following language to be found in the syllabus:

"A guardian's deed will not be held void upon a collateral attack merely because the petition of the guardian for leave to sell his ward's real estate does not affirmatively show the existence of the conditions under which the statute authorizes·such sale."

A statute of the state in force at the time the petition complained of was filed and passed on by the county court of Bryan county conferred upon that court the jurisdiction in matters of the estates of minors, and the section of the statute quoted, *supra,* conferred upon that court the .jurisdiction to order a guardian of a minor to sell his ward's real estate under certain conditions and for certain designated purposes. The petition complained of was filed in that court, alleging the fact that the ward had certain real estate in the county, the fact

that he was of scholastic age, that he had no other property, that he was predisposed to consumption and that it was necessary for the preservation of his health that he be removed to a more healthful climate, and that it was necessary to sell the lands in controversy for his benefit and for his maintenance and education; and while the petition was very defective, and probably demurrable, at the same time it was sufficient to invoke the jurisdiction of the court to determine whether, on consideration of the facts alleged, the relief prayed for was within or beyond its jurisdiction, and any mistake the court may have made in its conclusion could have only been error, reviewable on appeal, and could not and did not render the judgment void.

Finding no error in the judgment appealed from, we recommend that it be affirmed.

By the Court: It is so ordered.