### GAINES v. MONTGOMERY et al.

No. 10960—Opinion Filed July 26, 1921.

(Syllabus.)

#### Guardian and Ward—Sale of Ward's Land—Purpose—Validity of Sale.

A guardian filed a petition for the sale of lands, as the guardian of three wards, naming them, asking the court for an order to sell the lands of one of the wards, upon the ground that it was necessary to sell same to pay the debts contracted for said wards by a former guardian, but it is not clear from the petition that he asks for such sale for the purpose of paying the debts of all the wards, or whether to pay the debts of the ward whose lands it is asked to be sold; and upon a hearing of said petition, the county court ordered the sale of the lands of one of the wards for the purpose of paying the debts of all the wards,

and this is shown upon the face of the order. Held, the county courts of this state have not the power to make such an order, and said order is. void and of no effect and is such upon its face, and one buying the lands at such a sale takes no title, and all subsequent purchasers take same with notice that such sale is void, and hence take no title, since they take with notice of what is shown upon the face of the record of the proceedings of the sale and the void order of sale.

Error from District Court, Love County; Thomas W. Champion, Judge.

Action by Sherwood Gaines against J. E. Montgomery in ejectment (C. E. Morris, intervener). Judgment against plaintiff, and he brings error. Reversed and remanded.

Lawrence Mills, for plaintiff in error.

R. A. Keller, for defendant in error Montgomery.

Graham & Logsdon, for defendant in error Morris.

ELTING. J. This suit was commenced in the district court of Love county, Oklahoma, on the 20th day. of December, 1918, by the plaintiff, Sherwood Gaines, against J. E. Montgomery, defendant, and is an action in ejectment asking for possession of the S. W. ¼ of the S. E. ¼ of section 21, Tp. 6 S., R. 3 E., of Love county, Oklahoma; alleging that the plaintiff was a Chickasaw freedman, and that the lands described above were allotted to him as such freedman, and that J. E. Montgomery was holding said land adversely and without any legal right and had held the same for a term of two years, and alleging the rental value per annum to be three dollars per acre; praying for judgment decreeing plaintiff to be the owner of the land and entitled to the possession thereof and adjudging the defendant had no right, title, or interest therein, and that the plaintiff have judgment in the sum of $240 and interest thereon at the rate of 6% per annum and the cost of the suit.

After service of summons upon defendant, he caused notice of suit to be served on C. E. Morris, his grantor, and calling upon Morris to defend the action. Morris' intervened in said suit, setting up a chain of title from C. F. Cochran, purported purchaser at a guardianship sale, and a deed from Cochran to C. E. Morris and R. T. Bond and that R. T. Bond thereafter conveyed his interest to C. E. Morris. and that C. E. Morris had conveyed by a warranty deed to J. E. Montgomery, the defendant; contending that he had received good and valid title, and had conveyed good and valid title to J. E. Montgomery. J. E Montgomery answered, setting

up his purchase from C. E. Morris, setting out the amount that he had paid for the land, amount expended in improvements, and asked, in the event that the plaintiff win the land, that he have judgment against C. E. Morris for the money expended.

The plaintiff filed a reply, denying the allegations of the answer. The parties to the suit entered into an agreed statement of facts by and through their attorneys. Attached to the agreed statement of facts was a petition to sell real estate by guardian filed in the county court of Love county, Oklahoma, by H. A. Stanley, guardian. The petition for the order of sale, omitting the caption, is as follows:

"Comes now, H. A. Stanley, as the guardian of the above named minors, Sherwood, Millard and Huland Gaines, and shows to the court the condition of the estate of the above named wards to be as follows, to wit:

"The personal property of said wards' estates consists of nothing; that said wards own the following described real estate, to wit: Sherwood Gaines owns the S. W. ¼ of the S. E. ¼ of section 21, T. 6 S., R. 3 E.. containing forty acres of land about thirty-five acres of which are in a state of cultivation and said forty acres of land being worth about four hundred dollars.

"That the annual income from said lands is approximately one dollar per acre or total of $130; that said real estate is incumbered, that the annual expense of maintenance as shown by former guardian's report is more than the income of said wards. That it is necessary that the hereinafter described portion of said real estate should be sold for the following reason, to wit:

"Because the former guardian, Mitch Gaines incurred expenses for maintenance for said wards which have never been paid and which have been presented to the county court of Love county, Oklahoma, and allowed by that court on the 25th day of January, 1910, as follows:

"On account of Sherwood Gaines the sum of $216.80 and that there is no cash on hand in said estate to pay said indebtedness or to pay the cost of guardian's administration. The guardian would further show to the court that B. Hicks and W. L. Hagan, the creditors of the estate, filed their petition in this court on the 31st day of July, 1913, for the sale of these minors' lands to pay said above mentioned debts and that the then guardian, Mitch Gaines. was directed to mortgage said lands in order to pay off said indebtedness or in case he failed to obtain a loan to sell said land. but that he did neither of these things.

"That the next of kin and persons interested in the estate of said wards, together with their respective places of residence,

Mitch Gaines, father, Ran, Oklahoma; and Callie Gaines, mother, Pauls Valley, Oklahoma, the father being in Love county, Oklahoma, and the mother in Garvin county, Oklahoma.

"Therefore petitioner prays the court that upon hearing he be authorized to sell the S. W. ¼ of the S. E. ¼ of section 21, T. 6 S., R. 3 E., land of Sherwood Gaines, among other lands not required at public or private sale as shall be deemed most beneficial and for the best interest of said wards.

"H. A. Stanley, Guardian.

"State of Oklahoma, County of Love.

"H. A. Stanley, petitioner above named, being duly sworn, says that he has read the foregoing petition and knows the contents thereof and the same is true of his own knowledge except the matter stated upon information and belief and as to those matters he believes to be true.

"H. A. Stanley.

"Subscribed and sworn to before me this 11th day of March, 1914.

"J. H. Hays, County Judge."

There is also attached to the agreed statement of facts a copy of the order for the sale of said real estate. The following is a copy of the order of sale, omitting the caption:

"Now on the 18th day of April, A. D. 1914, there coming on for hearing the petition of H. A. Stanley, as the guardian of Sherwood, Millard and Huland Gaines, minors, for an order authorizing the sale of the real estate described in said petition and said petitioner appearing in person and by attorney and Mitch Gaines, Callie Gaines, Sherwood Gaines and Millard Gaines being present in person and by attorney, H. K. Brown, and it being proven to the satisfaction of the court that: (A) personal service of notice of this hearing was had upon Mitch Gaines, the father, and by registered mail upon the mother, Callie Gaines, who lives in Garvin county, Oklahoma, and said matter being submitted to the court and upon due examination and consideration of said petition and after a full hearing upon the same and upon due consideration of the proofs offered in said matter and the court finds that the sale of the real estate belonging to said wards mentioned in said petition and hereinafter described as necessary for the purpose of paying the indebtedness of said estates of said minors and costs of administration and is for the best interests of said wards.

"It is therefore adjudged and decreed by the court that the said H. A. Stanley, as guardian of the estate of said above named wards, be and he is hereby authorized and directed to sell in one or in separate parcels or subdivisions as the said guardian shall judge most beneficial to said estate at private sale to the highest bidder the following described real estate, to wit: The S. W. ¼ of the S. E. ¼ of section 21, township 6 S., range 3 E., and on the following terms, to wit: cash in hand.

"It is further ordered that the notice of the time and place of such sale be given by publication for two successive weeks in Marietta Monitor of Marietta, Oklahoma, and by posting notice as required by law.

"It is further ordered that before making such sale said guardian execute an additional bond to the county judge of said county of Love, state of Oklahoma, in the penal sum of fifteen hundred dollars conditioned as required by law.

"J. H. Hays, County Judge.
"Filed April 18, 1914."

The date of said order was the 18th day of April, 1914. Under said order a sale was made to C. E. Cochran, return of sale made, and on the 22nd day of May, 1914, the county judge confirmed said sale and directed the execution of a guardianship deed. No other evidence was introduced except a portion of the record of the guardianship sale, and the parties rested, after a statement of the rental value of the land; whereupon the court rendered judgment in favor of the defendants and against the plaintiff, and for costs of suit. Motion for a new trial was filed, and the same was overruled, appeal prayed for to the Supreme Court, and the cause is now in this court for review upon two grounds of error: First, that the court erred in rendering judgment in favor of the defendants; and, second, that the court erred in not rendering judgment for the plaintiff and against the defendants.

On December 3, 1919, plaintiff in error, Sherwood Gaines, through his attorneys, filed a motion to have said cause advanced. This court, upon hearing of said motion, advanced said cause upon the docket of this court and set the same for submission on April 12, 1921. The said motion to advance was sustained on December 21, 1920. On March 14, 1921, the plaintiff in error Sherwood Gaines, filed a brief in this case. The record shows that a copy of said brief had been served on the defendants in error on the 9th day of March, 1921. The defendants in error have filed no brief in this court, and have shown to this court no cause for such failure.

We have examined the brief of the plaintiff, and the same seems to reasonably sustain his assignments of error. We have gone further in this matter and have examined the record, and we find that the judgment of the trial court was erroneous, and

that the entering of judgment in favor of the defendants upon the agreed statement of facts was error. We have examined the petition for sale and the order of sale, and they show upon their face that this sale is void.

The authority of the county court to sell a ward's property comes by authority of the statutes. The first paragraph of the syllabus of the case of Perkins et al. v. Middleton et al., 66 Oklahoma, 166 Pac. 1104, reads as follows:

"The authority of a guardian to sell and convey the real estate of his ward rests entirely upon the statutes. Such real estate can not be sold or conveyed by the guardian except for the purposes and upon the terms and conditions prescribed by the statutes. A sale of the ward's real estate can only be made for money, and a conveyance thereof in exchange for the lands is unauthorized."

The first and second paragr    ·    ·e syllabus of Yawitz v. Hopkins et al., 70 Oklahoma, 174 Pac. 257, reads as follows:

"1. Under section 6569, Rev. Laws 1910, the county court has authority to make an order authorizing the guardian to invest the proceeds of a sale and any other of his ward's money in his hands in real estate, but does not clothe the county judge with jurisdiction to make an order authorizing the guardian to contract debts or obligations for the payment of which the ward's estate and he personally are bound.

"2. Under section 6364, Rev. Laws 1910, the county judge is without jurisdiction to make an order authorizing the guardian to execute a mortgage or any instrument creating a lien upon the property of his ward, except as security for the then existing debts and liabilities for which such estate or any part thereof is then legally liable to be ordered sold."

The question as to whether a guardian has the power to sell the lands of a minor to satisfy the debts contracted by the guardian for the maintenance of the minor, is a question it is not necesary for us to decide in this case, as we will show later; but since this purported sale is the basis of the title of the defendants in this case, and the proceedings had in said sale were no doubt intended, and purported to be, a compliance with the statutory provisions which seemed to grant the authority to guardians to sell the lands of wards for debts contracted for past maintenance, we will set forth the statutes that we regard as pertinent. Section 6542, Rev. Laws 1910, reads as follows:

"Payment of Debts.—Every guardian appointed under the provisions of this article whether for a minor or any other person, must pay all just debts due from the ward out of his personal estate and income of his real estate, if sufficient; if not, then out of his real estate, upon obtaining an order for the sale thereof, and disposing of the same in the manner provided by law for the sale of real estate of decedents."

Section 6545, Rev. Laws 1910, reads as follows:

"Maintenance and Support of Ward.— When a guardian has advanced, for the necessary maintenance, support and education of his ward, an amount not disproportionate to the value of his estate or condition of life, and the same is made to appear to the satisfaction of the court, by proper vouchers and proofs, the guardian must be allowed credit therefor in his settlement. Whenever a guardian fails, neglects, or refuses to furnish suitable and necessary maintenance, support or education, for his ward the court may order him to do so, and enforce such order by proper process. Whenever any third person, at his request, supplies a ward with such suitable and necessary maintenance, support or education, and it is shown to have been done after refusal or neglect of the guardian to supply the same, the court may direct the guardian to pay therefor out of the estate, and enforce such payment by due process."

If guardians have the authority to make such a sale as was attempted in the instant case, the authority rests in these two provisions of the statute. The following shows what the petition must contain in a guardianship sale, and being section 6557, Rev. Laws 1910:

"Petition for Sale—To obtain an order for such sale, the guardian must present to the county court of the county in which he was appointed guardian, a verified petition therefor setting forth the condition of the estate of his ward, and the facts and circumstances on which the petition is founded tending to show the necessity or expediency of a sale."

The last portion of section 6542, supra, closes in the following language:

"Then out of his real estate, upon obtaining an order for sale thereof and disposing of the same in the manner as provided by law for the sale of real estate of decedents."

As to what is necessary to be placed in the petition for the sale of real estate of decedents, see section 6372, Rev. Laws 1910, which reads as follows:

"Petition for Sale of Realty.—To obtain an order for the sale of real property, he must present a verified petition to the county court, or to the judge thereof, setting forth the amount of personal property that has come into his hands as assets, and how much thereof, if any, remains undisposed of; the debts outstanding against the decedent, as far as can be ascertained or estimated; and

the amount due upon the family allowance, or that will be due after the same has been in force for one year; the debts, expenses and charges of administration already accrued, and an estimate of what will or may accrue during the administration; a general description of all the real property except the homestead, of which the decedent died seized, or in which he had any interest, or in which the estate has acquired any interest, and the condition and value thereof; the names of the legatees and devisees, if any, and the heirs of the decedent, so far as known to the petitioner. If any of the matters here enumerated cannot be ascertained, it must be so stated in the petition, but a failure to set forth the facts showing the sale to be necessary will not invalidate the subsequent proceedings, if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree."

It appears that Mitch Gaines had been the guardian of Sherwood, Millard, and Huland Gaines, and while such guardian, had contracted debts for the support of said minors, and H. A. Stanley appears in the guardianship proceeding as the guardian in this sale proceeding, and in the petition for the sale he appears as the guardian of Sherwood, Millard, and Huland Gaines, and it purported to set out the conditions of the estates of all the said wards, then sets out the fact that the income from the lands of said wards is $130 per year; that the real estate is unincumbered, and that the income from the estates of the wards is not sufficient for their maintenance, and then says it is necessary that the thereinafter described portion of real estate should be sold for the following reasons:

"Because the former guardian, Mitch Gaines incurred expenses for maintenance of said wards which have never been paid and which have been presented to the county court of Love county, Oklahoma, and allowed by that court on the 25th day of January, 1910, as follows: * * *"

Then states the following:

"On account of Sherwood Gaines the sum of $216.80.

"That there is no cash on hand to pay said indebtedness or to pay the cost of guardian's administration. That guardian would further show to the court that B. Hicks and W. L. Hagan, the creditors of the estate, filed their petition in this court on the 31st day of July, 1913, for the sale of these minor's lands to pay said above mentioned debts, and that the guardian, Mitch Gaines, was directed to mortgage said lands to pay off said indebtedness or in case he failed to obtain a loan, to sell said lands, but that he did neither of these things."

It is not clear from this petition whether this petitioner is asking to sell the lands of Sherwood Gaines to pay the debts of Sherwood Gaines, or to pay the debts that might exist against the estates of all the wards. The import of the petition seems to indicate that it was the last purpose that was intended by the petition.

Section 6563 shows what is necessary to be included in an order of sale, and reads as follows:

"Order for Sale.—If, after a full examination, it appears necessary, or for the benefit of the ward, that his real estate, or some part thereof, should be sold, the court may grant an order therefor, specifying therein the causes or reasons why the sale is necessary or beneficial, and may, if the same has been prayed for in the petition, order such sale to be made either at public or private sale."

The uncertainties of the petition might possibly have been cured by the order directing the sale, if the said order had specifically directed the sale of the lands of Sherwood Gaines to pay the debts of the estate of Sherwood Gaines, but the order specifically shows to the contrary, as the order of sale directs the sale to be made for the purpose of satisfying the debts of all the minors, as shown by the following language:

"And said matter being submitted to the court and upon due examination and consideration of said petition and after full hearing upon the same and due consideration of the proofs offered in said matter and the courts find that the sale of real estate belonging to said wards mentioned in said petition and hereinafter described. is necessary for the purpose of paying the indebtedness of said estates of said minors and costs of administration and is for the best interests of said wards."

Then the order goes ahead and decrees the sale of said land of Sherwood Gaines. This order is void upon its face, since it directs the sale of the lands of the plaintiff in error for the purpose of satisfying debts against the estates of all the minors. There is no need for any citations of authority to show the voidness of this order. Any one purchasing thereunder procures no title, and all subsequent purchasers are held to take notice of the title record and the voidness of this proceeding, appearing upon the face of the order. These defendants are not innocent purchasers for value, in good faith, and take no title.

We, therefore, hold that the trial court committed error in finding the issues in favor of the defendants and against the plaintiff.

and committed the further error in not finding said sale proceeding void. That the defendants have no valid title, and the trial court should have entered judgment for the plaintiff upon the agreed statement of facts.

It is agreed in the agreed statement of facts that the rental value of this land was about $3.50 per acre per year, but the plaintiff only claimed and alleged the rental to be $3 an acre. The allegation in the petition is that there is about 35 acres in cultivation.

This cause is, therefore, reversed and remanded, with directions to enter a judgment for the possession of said lands in favor of the plaintiff in error, Sherwood Gaines, and against the defendant in error J. E. Montgomery for the use and occupancy of cultivated lands for the length of time he has held possession of said land, at the rate of $3 per acre per annum for the amount of the cultivated lands, and for interest thereon at the rate of six per cent. from the date of judgment, and for costs of suit, and that the court proceed to try out the rights as between the two defendants in error, J. E. Montgomery and C. E. Morris.

PITCHFORD, V. C. J., and McNEILL, MILLER, and NICHOLSON, JJ., concur.