## TIGER v. DRUMRIGHT.

No. 11253—Opinion Filed June 26, 1923.

(Syllabus.)

1. **Guardian and Ward—Judgment of County Court—Collateral Attack—Guardian's Sale.**

County courts of this state have general jurisdiction in probate matters and their orders and judgments will be accorded like force, effect and legal presumption of other courts of general jurisdiction, and a guardian's petition to sell real estate of a minor, which contains sufficient allegations to challenge the attention of the court in regard to its merits, is sufficient to give the court jurisdiction, and a sale made thereunder cannot be attacked for insufficiency of the petition on a collateral attack. The rule announced in Cowan v. Hubbard, 50 Okla. 671, 151 Pac. 678, and Welch v. Focht, 67 Okla. 275, 171 Pac. 731, followed.

2. **Same—Sufficiency of Petition for Sale—Jurisdiction.**

Where a petition contains sufficient allegations as to the condition of the estate and the necessity of the sale to give the court jurisdiction, a court of equity will not vacate a sale because the statements were false as the jurisdiction of the court rested on the averments of the petition and not the truthfulness thereof.

3. **Same—Vacation of Judgment for Perjured Testimony.**

The questions of the condition of the estate and the necessity for the sale were matters which were before the county court for determination, and were necessarily determined by the court when the order of sale was made, and judgment procured by false testimony on material questions which were tried and determined by the court will not be set aside in an equitable action in that court unless the false and perjured testimony concerns some extraneous fraud practiced upon the court.

4. **Guardian and Ward—Guardian's Sale of Minor's Undivided Interest in Land—Regularity.**

Where Joseley Tiger jointly owned a tract of land with two other minors, each owning an undivided one-third interest in the entire tract, and the guardian of Joseley Tiger made a probate sale of the land for the purpose of support and education of such minor, and in the petition to sell and in all subsequent proceedings described the land to be sold as an undivided one-third interest in the tract described, and the sale was made and deed executed by the guardian to an undivided one-third interest in such tract, such proceeding was not an attempt to sell any portion of the interest of the other minors in the tract of land; but the land sold was the undivided one-third interest of Joseley Tiger in said lands, and not any portion of the undivided two-thirds interest of the other minors.

5. **Same—Mere Irregularity—Time of Oath of Appraisers.**

Where minor's land is sold at private sale and an appraisement is made and filed, which shows that appraisers were appointed August 4, 1911, and appraisement is dated August 4, 1911, and oath of appraisers is dated August 12, 1911, the fact that it appears the appraisers did not take the oath before making the appraisement is an irregularity, but does not render the sale void.

6. **Same—Irregularity in Notice of Sale.**

Where land is sold at private sale and notice of sale is published for three consecutive weeks, but was not published for the two weeks next before the date designated as the date on or after which the sale was made, and where notices were not posted in three of the most public places in the county where the land was situated as provided by section 6383, Rev. Laws 1910, such irregularities do not render the sale void and subject to collateral attack.

7. **Indians—Conveyance of Minor's Lands—Statutes.**

Section 22 of the act of April 26, 1906, authorizing a guardian of a minor Indian to join in the conveyance of real estate made by the adult heir conveying the interest of such minor in such real estate, was repealed by the act of May 27, 1908, and a sale of a minor's allotment or inherited lands otherwise restricted by the act of May 27, 1908, can be made through the probate court of the state.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Joseley Tiger against Aaron Drumright and others to cancel guardian's deed. Judgment for defendants, and plaintiff brings error. Affirmed.

Lewis C. Lawson, for plaintiff in error.

J. E. Thrift, C. J. Davenport, Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Villard Martin, for defendants in error.

COCHRAN, J. This action was brought by plaintiff in error to cancel a guardian's deed executed by the guardian of Joseley Tiger, a full-blood Creek Indian. Judgment was rendered for the defendants, from which the plaintiff has appealed. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The plaintiff contends that the petition is so defective as not to confer jurisdiction on the county court to order the sale. The petition in the case, omitting the caption and verification, is in the following language:

"Comes now John Bruner, as the guardian of Joseley Tiger, and shows to the court the condition of the estate of the above named ward, to wit:

"The personal property of said wards consists of nothing, of the approximate value of $Nothing; that the annual income therefrom is approximately $Nothing.

"That said ward owns the following described real estate of the approximate value of $1,000, to wit: that the annual income therefrom is approximately $Nothing; that said real estate is incumbered to the amount of $Nothing, with an annual interest charge of $Nothing; that the annual expense chargeable against the estate of said ward for maintenance and education is approximately $50; that it is necessary that the hereinafter-described portion of said real estate should be sold for the following reasons, to wit: to raise funds, with which to educate and maintain said minor, the income from their estates not being sufficient for such purpose.

"That the next of kin and persons interested in the estate of said ward, together with their respective places of residence, are as follows: Hully Tiger, brother, Carson, Oklahoma; Sallie Bruner, sister.

"Wherefore, petitioner prays the court that upon hearing had hereon he be authorized to sell an undivided one-third interest in the northwest quarter of the southeast quarter of section thirty (30); northeast quarter of southwest quarter; east one-half of southeast quarter of southwest quarter and west one-half of southwest quarter of the southwest quarter and northwest quarter of the southwest quarter of section thirty-two (32), township 18 north, range 7 east, Creek county, Oklahoma, of said real estate, at public or private sale as shall be deemed most beneficial and for the best interest of said ward.

"John Bruner."

Plaintiff says that this petition did not comply with section 6557, Rev. Laws 1910, in that it failed to set forth the condition of the estate of the ward and facts and circumstances on which the petition is founded tending to show the necessity or expediency of a sale, and contends that a failure to substantially comply with the provisions of this statute renders the sale void. Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372, and Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718; and the California decisions referred to in those cases are cited to support this contention. The petition in the instant case shows that the minor had no personal property; that he owned certain real estate; received no income from any source; and set forth the amount necessary for the support, maintenance, and education of the minor; and that it was necessary for the support and education of the minor that the real estate described should be sold for the purpose of raising funds to educate and maintain the minor. This petition was in substantial compliance with the provisions of section 6557, Rev. Laws 1910. Even though the petition were not in substantial compliance with the provisions of this statute, plaintiff's contention is not sound. This proceeding is a collateral attack, and the proceeding in the county court and the sale resulting therefrom must be void in order to entitle the plaintiff to any relief. Sockey v. Winstock, supra; Welch v. Focht, 67 Okla. 275, 171 Pac. 731. The sufficiency of a petition to give the county court jurisdiction to sell real estate was clearly announced by this court in Cowan v. Hubbard, 50 Okla. 671, 151 Pac. 678, decided August 31, 1915, and this decision has been consistently followed by this court until the apparent modification contained in the case of Dosar v. Hummell, supra. At the time the Cowan Case was decided, this court was confronted with the case of In re Bland Estate, 55 Cal. 310, and Sockey v. Winstock, supra, and in the last-named case the following statement was made:

"* * * The petition of a guardian to sell the real estate belonging to his ward must state the condition of the estate, and facts tending to show the expediency and necessity of such sale, in order to give the court jurisdiction to order the sale."

In the Cowan Case, this court modified the rule announced in Sockey v. Winstock, supra, and in the syllabus stated as follows:

"A guardian's deed will not be held void on a collateral attack merely because the petition of the guardian to sell the real estate of his ward defectively states the existence of the conditions under which the statute authorizes the sale."

The court in that case quoted with approval from A. & E. Enc. Pl. & Pr., vol. 10, p. 782, as follows:

"The authority to grant a license to sell real estate carries with it the implied power to determine the necessity for such sale, and the sufficiency of the pleadings presented to the court for that purpose. Therefore, as a general rule, the authority of a guardian's sale cannot be attacked in a collateral proceeding on the ground that the petition for the order was insufficient. The power to hear and determine is jurisdictional. If the court thus having jurisdiction errs in holding an insufficient petition to be good, it is mere error reviewable on appeal, but not a defect of jurisdiction"

—and also quotes with approval from Beachy v. Shomber, 73 Kan. 62, 84 Pac. 547, as follows:

"A guardian's deed will not be held void upon a collateral attack merely because the petition of the guardian for leave to sell his ward's real estate does not affirmatively show the existence of the conditions under which the statute authorizes such sale."

In Welch v. Focht, supra, the petition under consideration stated that the ward had no personal property, that he owned real estate described in the petition, and that no income was derived therefrom, and alleged that it was necessary to sell such real estate, but did not affirmatively allege statutory grounds for the sale, neither did it allege the amount chargeable against the estate of the ward for maintenance and education; and in holding that this petition was sufficient to give the county court jurisdiction, this court said:

"The prevailing rule is that, where probate courts are courts of general jurisdiction, the orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction"

—and further in the opinion the court said:

"We find the general rule obtaining to be that, where the court is one having power to grant the relief sought, and having the parties before it, the fact that the petition defectively states a cause of action, or states it not at all, does not make the judgment void on collateral attack, but, on the contrary, if the relief demanded by the petitioner can be ascertained from the allegations in the petition, no matter how defective they are, or how many necessary ones are omitted, the judgment is not void on collateral attack."

That county courts in this state have general jurisdiction in probate matters and their orders and judgments should be accorded like force, effect, and legal presumption as the judgments and decrees of other courts of general jurisdiction, has been held in Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907, and Ansley v. Gault, 72 Oklahoma, 179 Pac. 16. Such being the case, the decisions of this court as to the sufficiency of the petitions in other courts of general jurisdiction are in point.

In Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, the court said:

"A judgment rendered by a court having jurisdiction is not void on account of an amendable defect or insufficiency in the petition and will not be vacated for such reason upon petition filed by defendant after the term. It is sufficient that the allegations in the petition challenge a judicial inquiry."

In Gibson v. Dizney, 72 Oklahoma, 178 Pac. 124, this court said:

"The allegations of the petition were sufficient to challenge the attention of the court and invoke its action in a determination of plaintiff's claim for judgment against Dizney. If we assume that upon the face of the petition no liability was shown against defendant Dizney, this did not defeat the jurisdiction of the court to determine such question, and the fact that the conclusion reached was erroneous does not render the judgment void. The court had jurisdiction of the parties and the subject-matter of the litigation, and possessed jurisdiction, to construe the petition and determine for itself whether a cause of action was stated against Dizney."

In Stauffer v. Watts, 73 Oklahoma, 174 Pac. 1031, the court said:

"Despite the fact that the petition may be defective in stating a cause of action, if the relief sought by the petitioner can be ascertained from the allegations of the petition, a judgment is not void."

To the same effect are the following cases from this court: Hill v. Persinger, 57 Okla. 663, 157 Pac. 744; Chivers v. Board of Com'rs of Johnston County, 62 Okla. 2, 161 Pac. 822; National Surety Co. v. S. H. Hanson Builders Supply Co., 64 Okla. 59, 165 Pac. 1136; Bell v. Ford, 68 Okla. 235, 173 Pac. 524; McCornack v. Fleming, 70

Oklahoma, 172 Pac. 952; Haggerty v. Terwilliger, 67 Okla. 194, 169 Pac. 872; Kaufman v. Grow, 59 Okla. 193, 158 Pac. 300; Maston v. Chandler B. & L. Ass'n, 61 Okla. 230, 157 Pac. 366.

From the foregoing authorities, it appears that this court for a number of years has been committed to the view that a petition is sufficient to confer jurisdiction where it alleges sufficient facts to challenge the attention of the court in regard to its merits, and there has been no modification of this rule until the opinion of Dosar v. Hummell, supra, in which this court stated as follows:

"The jurisdiction to enter the order depends on a petition in substantial compliance with the provisions of the Probate Code. In re Boland's Estate, 55 Cal. 315; Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372"

-—and the following language in the syllabus:

"In order to give the county court jurisdiction to enter an order of sale of real estate belonging to a minor, a verified petition must be filed by the guardian, setting forth the condition of the estate, and pleading such facts as show or tend to show the necessity for the sale of the real estate on one or more of the grounds set out in the statute."

We are of the opinion that the language used in the foregoing case was too broad and that the former rule announced by this court should be adhered to, and an order of sale made on a petition containing sufficient allegations to challenge the attention of the court to its merits is sufficient to give the court jurisdiction, and an order made thereon will not be held void on a collateral attack.

It is next contended that, even though the petition contained sufficient allegations as to the condition of the estate and the necessity for the sale, in fact there was no necessity for a sale; that the minor owned other lands than those described in the petition and received an income therefrom amounting to more than the amount stated in the petition as being necessary for his support and education, and hence the sale was void because the true condition of the estate was not set out in the petition.

In Stuart v. Allen, 16 Cal. 474, the court said:

"It will be remarked that it is immaterial, so far as this question of jurisdiction is concerned, whether the statements of the petition are true or not; the jurisdiction resting upon the averments of the petition, not upon proof of them."

In Lessee of Grignon v. Astor, 2 How. (U. S.) 319, 11 L. Ed. 283, the court said:

"The granting the license to sell is an adjudication upon all the facts necessary to give jurisdiction, and whether they existed or not is wholly immaterial, if no appeal is taken; the rule is the same whether the law gives an appeal or not: if none is given from the final decree, it is conclusive on all whom it concerns. The record is absolute verity, to contradict which there can be no averment or evidence: the court having power to make the decree, it can be impeached only by fraud in the party who obtains it."

The rule announced in the above cases has been followed by this court in Baker v. Cureton, 49 Okla. 15, 150 Pac. 1000; Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; King v. Mitchell, 69 Okla. 207, 171 Pac. 725. We, therefore, conclude that the question of the necessity for the sale and the truthfulness of the statements contained in the petition as to the condition of the estate cannot be questioned in a collateral attack.

It is argued, however, that the failure to correctly state the condition of the estate and the alleged falsity of the statements as to the necessity of the sale constitute fraud, and that a sale can be attacked on the ground of fraud, and such attack is direct. The question as to the condition of the estate and the necessity for the sale were matters which were before the county court for determination and were necessarily determined by the court when the order of sale was made, and a judgment procured by false testimony on material questions which were tried and determined by the court rendering the judgment will not be set aside in an equitable action brought for that purpose unless the false and perjured testimony concerns some extraneous fraud practiced by the prevailing party. Clinton v. Miller, 22 A. C. R. 88; Thigpen v. Deutch, 66 Okla. 19, 166 Pac. 901.

In Brown v. Trent, 36 Okla. 239, 128 Pac. 895, the court said:

"Not that every kind of fraud will vitiate a judgment. There are authorities holding that a judgment or verdict obtained on perjured testimony can be set aside in equity, but this is not believed to be the law. To investigate the character of testimony upon which a judgment was obtained would be to retry the issues submitted in the trial at which the judgment was obtained, and the result would be that there would be no end to the litigation. The fraud which will vitiate a judgment must be extraneous to the issues and such as deprived the party of a fair opportunity to present his case."

In Gray v. McKnight, 75 Okla. 268, 183 Pac. 489, this court said:

"A judgment may be assailed for fraud extraneous to the issues practiced on the court, or on the party against whom the judgment was rendered, which prevented him from having a fair opportunity to present his case, and it is immaterial when a judgment is attacked on this ground, whether it is denominated direct or collateral. Griffin v. Culp, 68 Okla. 310, 174 Pac. 495. But the alleged fraud relied on to set aside the judgment of the county court is that the testimony upon which the decree of distribution was based was false and such a claim cannot prevail in this action, for it is well settled that a judgment cannot be set aside in an independent proceeding, where the fraud alleged inheres in the verdict."

The next objection urged to the validity of this sale is that the appraisement was so defective as to amount to no appraisement at all. An appraisement was made and filed in this case, but the appointment of the appraisers is dated August 4, 1911, the appraisement is dated August 4, 1911, the oath of the appraisers is dated August 12, 1911, and the appraisement filed September 4, 1911. It is contended, therefore, that this appraisement shows on its face that the appraisers did not take and subscribe the oath until after the appraisement was made, and that this brings the case within the decision of this court in Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965. In that case there was no appraisement at all, and the question involved was not as to the irregularity of the appraisement. An appraisement having been made and filed, the regularity and sufficiency thereof was a proper matter for the determination by the court upon confirmation of the sale, and the sale having been confirmed, the irregularities complained of are not subject to attack in a collateral proceeding. Welch v. Focht, 67 Okla. 275, 171 Pac. 731; Baker v. Vadder, 83 Okla. 140, 200 Pac. 994; Beachy v. Shomber (Kan.) 84 Pac. 547.

Plaintiff contends that the sale is invalid because the notice required by section 6383, Rev. Laws 1910, was not given, as notice of the sale was not posted in three of the most public places in the county and the publication thereof was not for two weeks successively next before the day on or after which the sale is to be made as required by said section. The record does not disclose whether the notices were posted and the publication made for two weeks successively next to the day of sale except as shown by the recitals contained in the order of sale, the return of sale, and the order of confirmation. The order of sale provided:

"It is further ordered that notice of the time and place of such sale be given by publication for three successive weeks in the Bristow Record published at Bristow, in Creek county, state of Oklahoma."

The return of sale stated:

"He caused public notice to be given as provided by law and said order by publication in Bristow Record, of Bristow, Creek Co., Oklahoma."

The order of confirmation stated:

"That the sale was made after due notice as prescribed in said order of sale."

The contention is that, as the order of sale directed notice to be given by publication for three successive weeks and did not prescribe that the publication should be next before the day of sale and required no notices to be posted, and as the order of confirmation recites that notice was given as prescribed in the order of sale, this shows that notice was not given as required by the statute. Even though this contention is well founded and it be conceded that notices were not posted and that publication was not for the two weeks next before the day of sale, this is an irregularity which does not render the sale void. Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433; Mohr v. Manierre, 101 U. S. 419; Scarf v. Aldrich (Cal.) 32 Pac. 325.

It is next contended that the sale is invalid because the court was without authority to make an order of sale, as the petition asked for the sale of an undivided one-third interest in certain described lands; that these lands were allotted to Hannah Powell, and upon her death Joseley Tiger inherited a one-third interest therein, and Sallie Bruner and Hully Tiger each inherited a one-third interest therein; that the petition, order of sale, and all other proceedings for the sale of the land described the land which was being sold as an undivided one-third interest in this Hannah Powell allotment, but did not state that the land being sold was the undivided one-third interest of Joseley Tiger in this land. Plaintiff contends that the effect of this omission was that the guardian attempted to sell, not the individual interest of Joseley Tiger, but an undivided one-third interest belonging to the three children; that of the land which he attempted to sell, Sallie Bruner and Hully Tiger owned two-thirds thereof and Joseley Tiger one-third, and for this reason the land belonging to Sallie Bruner and Hully Tiger was sold in order to provide funds for the education and maintenance of Joseley Tiger. Having concluded that the effect of this sale was to sell the

lands of one minor to raise funds for another, the plaintiff contends that the case is controlled by the decisions of this court in Gaines v. Montgomery, 82 Okla. 275, 200 Pac. 219, and Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735. It is our opinion that the record in this case does not show that any portion of the land of Sallie Bruner and Hully Tiger was sold, or attempted to be sold. Under the decisions relied upon by the plaintiff, the guardian had no authority to sell any land except that belonging to Joseley Tiger. It is admitted that Joseley Tiger owned an undivided one-third interest in the land, and an undivided one-third interest was all that was sold. There is no reason for holding that the guardian sold or attempted to sell any land except that which he had authority to sell, to wit, the individual undivided one-third interest of Joseley Tiger, and it is our opinion that the proceedings in this case were sufficient to sell the interest of Joseley Tiger in this land, and in no manner affected the undivided interest of the other minors. For this reason the cases of Jackson v. Carroll and Gaines v. Montgomery, supra, have no application.

The plaintiff, as a further argument in support of the above contention, sets out the following quotation from the order of sale:

"The court finds that the sale of a portion of the real estate belonging to said estate mentioned in said petition and hereinafter described, is necessary for the purpose of raising funds with which to educate and maintain said minor, the income from their estates being insufficient, and is for the best interest of all concerned."

The use of the word "their" and the phrase "for the best interest of all concerned," plaintiff contends, shows that the court considered the income from the estate of the other minors and the effect of the sale thereon. The use of the word "their" was evidently a typographical error, and the finding that the sale was "for the best interest of all concerned" was not improper, as the statute requires a hearing upon the petition and notice to be given to the next of kin, and those interested, on the ground that they are concerned in the sale, and it was, therefore, not improper for the court to find, in addition to the facts that the statutory grounds for the sale existed, that it was for the best interest of all concerned.

Plaintiff for a second cause of action contends that the sale was void because Hannah Powell was enrolled as a full-blood Creek citizen and upon her death in October, 1905, the land in controversy was in-

herited by her full-blood children and was restricted; that section 22 of the act of April 26, 1906 (34 Stat. 137), provided a method by which such lands could be sold, to wit, by a deed in which the guardian of the minor and the adult heirs joined, and subject to the approval of the Secretary of the Interior; that this restriction was not removed by the act of Congress of May 27, 1908 (35 Stat. 312), and hence section 22 of the act of April 26, 1906, provides the only method by which the interest of the minor in the land in controversy could be sold. This contention has been disposed of adversely to the contention of the plaintiff in Chupco v. Chapman, 76 Okla. 201, 170 Pac. 259, and McCoy v. Mayo, 73 Oklahoma, 174 Pac. 491.

Plaintiff urged in his third cause of action that the deed was invalid because the same was not approved according to the provisions of section 9 of the act of May 27, 1908. This contention is also without foundation, as determined in Chupco v. Chapman, supra; Harris v. Bell, 254 U. S. 103.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.