## WARD v. THOMPSON et al.

No. 15186—Opinion Filed June 23, 1925.

### 1. Guardian and Ward—Probate Sales— Collateral Attack—Extraneous Fraud.

An equitable action brought to vacate an order of sale in a guardianship proceeding and to cancel deeds on the ground of fraud, while a collateral attack, is maintainable if the allegations of fraud are sufficient to bring the action within the well-recognized exception to the rule against collateral attack, but such allegations of fraud are insufficient if they merely state conclusions instead of the facts from which such conclusions are to be drawn, and this is especially true where the only facts alleged are facts which were shown by the sale proceedings and must have been considered by the court on the hearing to confirm the sale, since the fraud relied on must be extraneous of the record in the proceedings assailed.

### 2. Same.

A petition to sell real estate by a guardian which shows the condition of the ward's estate and the necessity for a sale confers upon the county court jurisdiction to hear and determine the sufficiency of the evidence in support thereof, and after such jurisdiction has attached alleged irregularities in service of notices, or in posting or publication thereof, and all other matters inhering in the record and not jurisdictional in character, are cured by the order of confirmation, unless corrected on appeal, and cannot avail one in a collateral attack.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, McCurtain County; Geo. T. Arnett, Judge.

Action by Nova Cleo Ward against M. T. Thompson et al. to cancel certain deeds and to quiet her title to certain real estate. Demurrer to plaintiff's petition sustained, and, plaintiff having elected to stand upon her petition, judgment was rendered in favor of the defendants dismissing the action, and plaintiff brings error. Affirmed.

This action was commenced July 12, 1923, by plaintiff filing her petition in the district court of McCurtain county against the defendants, in which petition it is alleged, in substance, that on December 21, 1918, plaintiff was a minor and the owner of certain real estate described in her petition; that on said last mentioned date said real estate was sold by her guardian under orders of the county court of McCurtain county; that she is now of full age, and brings this action in her own right to cancel and set aside said guardian's deeds, and all subsequent deeds and instruments affecting the title of said real estate and to quiet her title in the same. As grounds for such action she alleges certain irregularities which are claimed to have occurred in the probate proceedings leading up to the sale of said land, and further alleges that her said guardian entered into a wrongful and corrupt agreement with the purchaser at said sale by which the said purchaser became the surety of the guardian on the additional sales bond, and by which wrongful and corrupt agreement the said lands were sold to said purchaser by the guardian at a grossly inadequate price, with the intent to cheat and defraud plaintiff out of said land.

Motions to quash service were filed by the defendants M. T. Thompson, J. L. Franks, and B. W. Wehunt, but these motions were never acted upon by the trial court. The defendants Gum Brothers, a corporation, and Aetna Life Insurance Company, a corporation, mortgagees, filed separate demurrers to plaintiff's petition, and upon a hearing had thereon the court sustained said demurrers upon the ground that plaintiff's petition did not state facts sufficient to constitute a cause of action against the defendants. Plaintiff elected to stand upon her petition, whereupon the court entered judgment in favor of the defendants Gum Brothers and Aetna Life Insurance Company, dismissing the action. Plaintiff duly excepted to the action of the court in sustaining said demurrers, and excepted to the action of the court in entering judgment in favor of the defendants. After due notice of her intention to appeal, she has brought the case here by petition in error with certified transcript of the record for review. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

W. F. Durham, F. H. Reily, and W. R. Williams, for plaintiff in error.

A. A. McDonald and A. W. Trice, for defendants in error.

Opinion by LOGSDON, C. Plaintiff has assigned five specifications of error in her petition in error, but by reason of an entire failure to observe the requirements of Rule 26 of this court in the preparation of her brief it is difficult to determine just what propositions are relied on for reversal. As

nearly as can be determined from her brief, plaintiff's contentions may be all embraced and considered under the single proposition that the trial court erred in sustaining the demurrer of defendants to plaintiff's petition.

At the first step in the consideration of this proposition it is necessary to determine whether plaintiff's action constitutes a collateral or a direct attack on the sale proceedings of the county court of McCurtain county. In the case of Griffin v. Culp, 68 Okla. 310, 174 Pac. 495, this court has clearly defined collateral and direct attacks, and these definitions have been approved and followed in subsequent cases. There this court said:

"A 'collateral attack' on a judicial proceeding is an attempt to avoid, defeat or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.

"A 'direct attack' on a judicial proceeding is an attempt to avoid or correct it in some manner provided by law."

That the instant action is not an attack on the sale proceeding in any manner provided by law is too clear for argument. It is an independent action brought against strangers to the original proceedings who have acquired rights thereunder in reliance on their regularity because the same were not questioned or assailed in any "manner provided by law." Therefore, this action is not a direct attack, and, being collateral, must clearly come within the recognized exception to the rule of collateral attack in order to be maintainable.

In Brown v. Trent, 36 Okla. 239, 128 Pac. 895, it was announced:

"An attack upon a judgment for fraud in its procurement is a direct attack, over which courts of equity take jurisdiction, and no well considered case can be found in which such jurisdiction is denied."

In Sockey et al. v. Winstock et al., 43 Okla. 758, 144 Pac. 372, it is pointed out that the above language is a correct statement and application of the well recognized exception to the rule of collateral attack, but is not correct as a statement of what constitutes a direct attack. The exception is thus stated in the Winstock Case:

"Where the judgment is void by reason of fraud practiced in obtaining it, and for like reasons, a collateral attack may be made upon the judgment by a proceeding in equity, notwithstanding the court had jurisdiction of the proceedings resulting in the judgment attacked."

The fraud which vitiates a judgment and which will authorize a court of equity to intervene to vacate it is fraud extraneous of the record by which the court was imposed upon in the proceedings, or by which the party complaining was prevented from having his interests fairly presented and fully considered by the court. City of Guthrie v. McKennon, 19 Okla. 306, 91 Pac. 851; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Ely Walker Dry Goods Co. v. Smith, 69 Okla. 261, 160 Pac. 898; McIntosh v. Holtgrave, 79 Okla. 63, 161 Pac. 739; Wray v. Howard, 79 Okla. 223, 192 Pac. 584; Dennis v. Kelley, 81 Okla. 155, 197 Pac. 442.

In the instant case the allegations of fraud relied on to bring the action within the exception to the rule of collateral attack are contained in paragraph 11 of plaintiff's petition, that paragraph reading:

"Plaintiff further says that the said sale of the said land is void, for the further reason that the said M. T. Thompson fraudulently and wrongfully entered into a conspiracy, and a wrongful and corrupt agreement with the said Henry Ward, to purchase the said land at a grossly inadequate price, and in furtherance of same did on the 3rd day of December, 1918, sign the guardian sale bond and that the purpose and act of the said Thompson in signing the sale bond, was to carry out his conspiracy with the said Henry Ward to cheat and defraud the said plaintiff out of the said property."

The additional sale bond and the return of sale showing the name of the purchaser were matters of record in the proceedings and must have been considered by the court on the hearing on the return of sale. It was also a matter of record in these guardianship proceedings that the land in controversy was purchased by the guardian for his ward, the plaintiff herein, in 1910, on order of the court, for $800, while the sale here attacked was made in 1918 for the sum of $2,000, no improvements having been placed on the land during these eight years. This reflects no gross inadequacy of price, such as would shock the conscience of a court of equity, so that the elements of extraneous fraud, and the objects and purposes of the alleged wrongful and corrupt agreement between the guardian and the purchaser, are left entirely to conjecture.

Such general and inconclusive allegations of fraud are insufficient. There must be allegations of material matters to which the court can point a finger and say: If the proof should sustain these allegations extraneous fraud would be established within the meaning of that term as defined by the authorities last above cited. In Wray v. Howard, supra, it is said:

"A mere allegation of fraud is a con-

clusion, and is not sufficient. The general rule is that the specific facts constituting fraud must be averred, unless, of course, the facts alleged are such as in themselves constitute fraud."

This action being a collateral attack on the sale proceedings in question, it is clear that plaintiff has not brought herself within the exception to the rule against collateral attack, and that her petition stated no cause of action for fraud extraneous of the record.

This leaves for consideration only the question of whether the county court of McCurtain county had jurisdiction at all stages of the sale proceedings.

An examination of the petition to sell filed in this case shows that it is entirely sufficient to invoke the jurisdiction of the county court under the authority of Welch v Focht et al., 67 Okla. 275, 171 Pac. 730, and that notice of hearing thereon, as shown by the transcript, was given in full compliance with Comp. Stat. 1921, sec. 1472. It appears from the petition to sell that "the next of kin of the ward and all other persons interested in the estate of said ward" resided in Coal county, and the notice of hearing was deposited in the United States mail, properly addressed to each of them with postage fully prepaid. Three copies of the notice were also posted in McCurtain county. The fact that two of the three posted notices were posted at different places at the court house could at most be a mere irregularity. Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453.

Other irregularities are complained of, such as that the record is silent touching any order of the court continuing the hearing on the petition from October 31 to December 2, 1918; that the court ordered the sale to be made in tracts of 40 acres, which was done, but that the notices of sale did not so state. These and all other matters of procedure, after jurisdiction was acquired, were properly before the county court for determination in the exercise of its general probate jurisdiction. If in their determination that court erred such errors were subject to correction in a proper proceeding brought for that purpose, but such errors cannot form the basis of an attack on jurisdiction in a collateral proceeding. Cowan v. Hubbard, 50 Okla. 671, 151 Pac. 678; Berry v. Tolleson, 68 Okla. 158, 172 Pac. 630; Tucker v. Leonard et al., 76 Okla. 16, 183 Pac. 907; Ross et al. v. Groom et al., 90 Okla. 270, 217 Pac. 480.

Upon a consideration of the entire record it is concluded that the trial court was correct in sustaining the demurrer to plaintiff's petition, and, plaintiff having elected to stand upon her petition, the judgment of the trial court dismissing the action should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1201, §350 (2) 28 C. J. p. 1192, §334; p. 1200, §350.