## ARMSTRONG v. PHILLIPS et al.

No. 9458.—Opinion Filed Dec. 3, 1918.

On Rehearing Oct. 14, 1919.

(Syllabus by the Court.)

1. **Mortgages — Record and Foreclosure — Statute.**

Section 1156, Rev. Laws 1910, provides that "every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

2. **Same—Security—Notice—Statute.**

Section 1158, Rev. Laws 1910, provides that "any person purchasing or taking any security against real estate in good faith and without record notice from one holding under an instrument purporting to be a conveyance but intended as security for the payment of money, and which instrument has been duly recorded without any other instrument explanatory thereof, shall be protected to the extent of the purchase price paid or actual outlay occasioned, with lawful interest, against all persons except those in actual possession at the time of such purchase or outlay."

3. **Indians—Cancellation of Instruments—Demurrer to Evidence.**

Record examined, and held that the trial court erred in sustaining the demurrer to plaintiff's evidence.

Error from District Court, Washington County; R. B. Boone, Judge.

Action by Minnie B. Armstrong against Frank Phillips and the Lewcinda Oil Company. Demurrer to plaintiff's evidence sustained, and judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Hainer, Burns & Toney and Norman Barker, for plaintiff in error.

John H. Kane and Rowland & Talbott, for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of recovering possession of certain real estate and canceling several instruments of writing which it was alleged clouded the title of the plaintiff.

Hereafter for convenience the parties will be called "plaintiff" and "defendants," respectively, as they appeared in the trial court. After the plaintiff had introduced her evidence and rested the court sustained a demurrer thereto and entered judgment for the defendant, so that the only error assigned for review is the action of the trial court in sustaining defendants' demurrer to plaintiff's evidence. The facts necessary for the consideration of this question may be briefly summarized as follows:

On the 8th day of June, 1908, the plaintiff executed a deed to the land in controversy to one V. J. Knisley, which deed was subsequently canceled by a decree of court upon the ground of fraud. It seems that immediately after the execution of this deed, and before the cancellation thereof, Knisley executed a mortgage on said land to secure the payment of a loan of money made to him by the Citizens' Bank & Trust Company of Bartlesville, Okla. In the course of the action brought by the plaintiff against Knisley for the cancellation of the deed to him, the Citizens' Bank & Trust Company filed its petition in intervention, wherein it prayed for the foreclosure of its mortgage, but no judgment or decree was taken by said Citizens' Bank & Trust Company on said petition in intervention. Thereafter the defendant Frank Phillips, who was the president of the Citizens' Bank & Trust Company, threatened to foreclose said mortgage, and informed said plaintiff that unless she would immediately pay the same she would lose her

land; that, being unable to pay said incumbrance, including attorney's fees and court costs, the plaintiff executed an instrument in writing, in the form of a deed purporting to convey said land to her grandfather, Arthur Armstrong, but intended as security for the payment of money furnished by the grantee for the purpose of paying off the incumbrance to the bank. It was alleged that this deed, which under the statute (section 1156, R. L. 1910) must be deemed to be a mortgage, was absolutely null and void for the reason that at the time the same was executed by the plaintiff she was a minor under the age of 18 years, and was enrolled as a Cherokee Indian of the degree of three-eighths blood; that said deed was made without the consent, supervision, authority, or order of the county court of Washington county, in which county the plaintiff was then a resident; that thereafter, to wit, on the 19th day of June, 1915, the said Arthur Armstrong purported to convey the above-described land by warranty deed to said defendant Frank Phillips, and that said deed was void for the reason that said Arthur Armstrong had no right, title, or interest in and to said real estate, or any part thereof to convey to the said Frank Phillips, and that Frank Phillips well knew that said purported deed executed by Minnie B. Armstrong, the plaintiff herein, to the said Arthur Armstrong, her grandfather, on the 28th day of February, 1910, was intended as security for the payment of money; that said Arthur Armstrong was a full-blood Indian about 80 years of age, infirm in body and mind and unable to read and write or understand the English language, and the said Frank Phillips, knowing that the said Arthur Armstrong reposed special trust and confidence in him as his banker, wrongfully and fraudulently induced him to execute a warranty deed to him in fraud of the rights of this plaintiff, and with actual notice and knowledge that said deed of February 28, 1910, aforesaid was given merely to secure the said Arthur Armstrong for the payment of the incumbrances above stated for and on behalf of this plaintiff, and that said purported deed constituted merely a mortgage, and was not intended as an absolute conveyance of the plaintiff's title to said real estate above described.

The answer of the defendant Frank Phillips, after denying each and every and all the allegations set forth in plaintiff's petition except such as are specifically admitted, alleges that he purchased the said real estate from Arthur Armstrong for valuable consideration, and took the deed thereto without any knowledge or notice of any defect in the title or any purported adverse claim against said title; that by virtue of a certain decree of the district court of Washington county the right of majority was conferred upon the plaintiff prior to the execution of said deed, and, having accepted the benefit of said decree removing her disabilities as a minor, in acquiring title to said land, she is estopped from denying its validity in connection with the sale of the same, and that the deed executed by her February 28, 1910, in favor of Arthur Armstrong, and relating to the lands above described, was, and is, a legal and valid conveyance of said lands. Defendant denies that said deed was intended as a mortgage and alleges that plaintiff received valuable consideration for the same; that the plaintiff is now barred from complaining in this action, and should not be permitted to recover herein, because the action was not brought within 1 year after she arrived at the age of 18 years, and for the further reason that her cause of action is barred by the statutes of limitation of 1 year, and of 2 years, and of 3 years, under the laws of the state of Oklahoma; that the plaintiff should not be allowed to recover in this action for the reason that she is guilty of laches, etc.

By reason of disclaimers by other defendants, admissions of the parties, etc., the only instruments involved in the action at this time are the deed to Arthur Armstrong, which the plaintiff prays shall be decreed to be a mortgage, the deed from Arthur Armstrong to Frank Phillips, which she prays shall be canceled, and an oil and gas lease from Phillips to the Lewcinda Oil Company.

The only assignment of error relied upon for reversal by counsel for plaintiff is stated in their brief as follows:

"The court erred in sustaining the demurrer of defendants in error to the evidence of plaintiff in error herein, and in dismissing her petition and rendering judgment in favor of defendants in error."

As there can be no question that the evidence introduced by the plaintiff clearly tends to establish her contention that the deed made by her to her grandfather was intended as security for the payment of a loan of money, this instrument, although an absolute conveyance in form, must be deemed to be a mortgage by virtue of section 1156, R. L. 1910, which provides:

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

Now we may assume that the defendant Frank Phillips had no notice of the true

nature of this instrument at the time he took his conveyance, and concede that, although it was voidable at the time of its execution on account of the infancy of the grantor, it subsequently became a valid instrument because it was not disaffirmed by the minor within one year's time after her majority (section 885, R. L. 1910), and still it was error for the trial court to sustain the demurrer to the evidence and dismiss the plaintiff's cause of action. Section 1158, R. L. 1910, provides:

"Any person purchasing or taking any security against real estate in good faith and without record notice from one holding under an instrument purporting to be a conveyance but intended as security for the payment of money, and which instrument has been duly recorded without any other instrument explanatory thereof, shall be protected to the extent of the purchase price paid or actual outlay occasioned, with lawful interest, against all persons except those in actual possession at the time of such purchase or outlay."

When this statute is considered it becomes quite apparent that the very most the defendant Frank Phillips and those claiming under him are entitled to is protection to the extent of the purchase price paid, etc., as stated in the statute.

In a supplemental brief counsel for defendants contend that section 1158, supra, applies only where an explanatory instrument is taken pursuant to section 1157, R. L. 1910; that in such cases section 1158, supra, protects the innocent purchaser to the extent of his investment, etc., where the explanatory instrument has not been recorded and he has no notice thereof. In our opinion the plain language of the statute itself refutes this contention.

As the action of the court below in sustaining the demurrer to the evidence must be set aside for the reasons stated we do not deem it necessary to notice any of the other grounds for reversal urged against it by counsel in their briefs and oral arguments.

The judgment of the court below is reversed and the cause remanded, with directions to grant a new trial.

All the Justices concur.

### On Rehearing.

PER CURIAM. In the original opinion it is said, in effect, that when section 1158 Rev. Laws of 1910 is considered the very most defendant Frank Phillips and those claiming under him were entitled to was protection for the purchase price paid, etc., as provided by said section. On rehearing it is urged that section 4021, Rev. Laws of 1910, is squarely in conflict with section 1158, supra, and that in the event it is finally decreed that the deed executed by Minnie Armstrong to her grandfather is a mortgage, the rights of defendant Frank Phillips and those claiming under him are governed by section 4021. This section was not called to the attention of the court in any of the briefs filed in the cause previous to the decision of this court, and the provisions of this section were overlooked and not considered by the court. The section reads as follows:

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated."

It is in the Statutes of 1890. Section 1158 was enacted in 1897, and being in conflict with section 4021, repealed the same by implication. This was the state of the law on this question until the adoption by the Legislature of the 1910 Code. Both sections were incorporated therein. Section 1158 is found in the Code under the subject of "Conveyances," chap. 13, p. 291, Rev. Laws of 1910, and section 4021 is found in the Code under the subject of "Mortgages," chap. 40, p. 1049, Rev. Laws of 1910. It thus appears that these two provisions of the Code were adopted by the Legislature at the same time, and since we are of the opinion, as contended, that they are in conflict and both cover the same subject-matter, it is necessary to determine which controls. The solution of this question is found in chap. 76, sec. 8158 of the same Code, which reads:

"If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter, or article, the provisions of the latter code, title, chapter, or article must prevail as to all matters and questions arising thereunder out of the same subject-matter."

It seems to us that the clear import of this provision is that if any former code conflicts with the present code the present code shall govern, and that if any chapter, title or article of the present code conflicts with the provisions of any former title, chapter, or article in the same code, the provisions of the latter title, chapter, or article must prevail. We think, under the above rule of construction, the word "latter," as applied to two conflicting provisions in the same code, must be held to have reference to place or arrange-

ment. From this it follows that section 4021 is the applicable provision.

We have re-examined the record and are still of the opinion that as to whether the Minnie Armstrong deed should be deemed a mortgage, plaintiff's evidence is sufficient to withstand the defendant's demurrer. If upon the trial the deed is held to be a mortgage, the burden will be on the defendants to show that they are innocent purchasers.

We therefore adhere to the former opinion, except as herein modified, and the petition for rehearing is denied.