## ILLINOIS VALLEY TRUST CO. v. SELLS et al.

No. 21701.   Dec. 19, 1933.

Roy Frye, for plaintiff in error.

W. A. Carlile, for defendants in error.

OSBORN, J. This is an action for foreclosure of a real estate mortgage filed in the district court of Sequoyah county by the Illinois Valley Trust Company against Sol Sells, Katie Sells, his wife, and Jenkins Sanders, on certain lands situated in said county. Defendant Jenkins Sanders filed an answer and cross-petition, alleging that he was, in fact, the owner of said lands by virtue of allotment thereof as a citizen of the Cherokee Nation, and attacking the validity of a guardianship sale of the county court of Sequoyah county, and alleging fraud on the part of the guardian, and further alleging that plaintiff was chargeable with knowledge of said fraud, and praying that the mortgage be canceled and title be quieted in him. The cause was tried to the court and a judgment rendered in favor of Jenkins Sanders against plaintiff, canceling the mortgage and quieting title in said Jenkins Sanders, from which judgment plaintiff has appealed.

There is little dispute as to the facts in

the case. On May 10, 1920, Jenkins Sanders was a minor, and D. X. Sanders, his father, filed an application for appointment of himself as guardian. He was thereafter appointed and qualified as guardian of the person and estate of Jenkins Sanders, and on May 10, 1921, procured an order of sale directing the sale of the lands involved. Sol Sells was the purchaser at said sale and thereafter executed the mortgage in question.

The testimony is undisputed that the entire arrangement was a scheme to raise funds to pay outstanding indebtedness of D. X. Sanders; that no · consideration ever passed from Sol Sells to the guardian, but, as soon as the sale was confirmed to Sells, he immediately executed the mortgage and a deed conveying the land back to Jenkins Sanders, which deed was filed of record some time later. The loan was made by the Graves Farm Loan Investment Company and the mortgage was thereafter assigned to plaintiff. The proceeds thereof were applied on the indebtedness of D. X. Sanders. Sanders thereafter paid certain installments on the loan, but having defaulted in some of his payments, the foreclosure proceedings were instituted.

Plaintiff contends that it is an innocent purchaser for value of the mortgage without knowledge or notice of any facts which would put it on inquiry as to any defect or irregularity in the guardianship sale. In this connection plaintiff offered testimony to the effect that it was not engaged in the business of making loans, but in the business of purchasing mortgages; that relying upon the record, it purchased the said mortgage from the Graves Farm Loan Investment Company and paid therefor the face value of the loan, plus accrued interest; that the officers of the plaintiff company were not acquainted with any of the parties to the original transaction involving the guardianship sale, and the only relationship existing between plaintiff and the Graves Farm Loan Investment Company was that of vendor and vendee. This testimony is undisputed.

In the case of F. B. Collins Investment Co. v. Waide, 70 Okla. 191, 173 P. 835, it is said:

"A guardian entered into and carried out a conspiracy resulting in a fraudulent sale of his ward's land. Such sale was made under order of the county court, and the proceedings in regard thereto, on their face, were regular. including the confirmation of the sale. and the execution of a deed to a bogus purchaser, who subsequently, in furtherance of the conspiracy, executed, without consideration, a deed to another conspirator for said lands, who secured a loan from an investment company, and executed a mortgage upon said land to secure the payment of the loan, which mortgage was by the trial court ordered to be canceled upon the ground of fraud, but the court found that no actual knowledge of such fraud came to such investment company. Held, that, in the absence of proof that such investment company had knowledge of facts which, if followed, would have disclosed the fraud practiced in the sale of said lands, it was reversible error to order said mortgage canceled."

In the case of Ross v. Groom, 90 Okla. 270, 217 P. 480, it is said:

"* * * Even though the guardian had been guilty of fraud, if the purchaser at the sale was a bona fide purchaser for value and without notice of the fraud, or if the subsequent purchasers were bona fide purchasers for value and without notice, the sale cannot be invalidated because of the alleged fraud. Scott v. Abraham, 60 Okla. 10, 159 P. 270; Tucker v. Leonard, 76 Okla. 16, 183 P. 907."

In the case of Brooks v. Tucker, 83 Okla. 255, 201 P. 643, it is said:

"Where the lands of minors have been sold by their guardian in consummation of a fraudulent agreement between the guardian and the purchaser, and the probate procedure under which such sale was made is regular, the title of the property sold under such sale vests in a bona fide purchaser of the grantee at such sale without notice of the fraudulent agreement; the remedy of the wards is an action against the guardian and his bonds for the amount of their damage resulting from the fraudulent sale. Berry v. Tolleson et ux., 68 Okla. 158, 172 P. 630."

See, also, Atkinson v. King, 93 Okla. 37, 219 P. 914; McNaughton v. Lewis, 124 Okla. 181, 254 P. 972; Plant v. Shrock, 102 Okla. 97, 227 P. 439; Allison v. Crummey, 64 Okla. 20, 166 P. 691.

Defendant contends that at the time of the execution of the mortgage in question, he was in possession of said land, which fact was known or should have been known to plaintiff, which was sufficient to put plaintiff upon inquiry as to the validity of the proceedings and as to the source of the title of the mortgagor. It has been repeatedly held by this court that knowledge that a grantor, under whom the vendor claims, is in possession of the property, is not such knowledge as to put a purchaser upon inquiry as to the title of such grantor. Riddle v. Keechi. O. & G. Co., 74 Okla. 73, 176 P.

737; Plant v. Shrock, supra; F. B. Collins Inv. Co. v. Waide, supra.

Defendant Jenkins Sanders contends that the order of sale entered by the county court is invalid and insufficient and does not comply with the requirements of section 1283, O. S. 1931 (1275, C. O. S. 1921), which is as follows:

"The order of sale must describe the lands to be sold and the terms of sale, which may be for cash or may be for one-third cash and the balance on a credit not exceeding two years, payable in gross or installments within that time, with interest as the court may direct. The land may be sold in one parcel or in subdivisions, as the executor or administrator shall judge most beneficial to the estate, unless the court otherwise specially directs. If it appears that any part of such real estate has been devised and not charged in such devise with the payment of debts or legacies, the court must order the remainder to be sold before that so devised. Every such sale must be ordered to be made at a public auction, unless, in the opinion of the court, it would benefit the estate to sell the whole or some part of such real estate at private sale; the court may, if the same is asked for in the petition, order or direct such real estate, or any part thereof, to be sold either at public or private sale, as the executor or administrator shall judge to be most beneficial to the estate. If the executor or administrator neglects or refuses to make a sale under the order as directed therein, he may be compelled to sell, by order of the court, made on motion, after due notice, by any party interested."

It is pointed out by defendant that the above statute requires that sales must be ordered to be made at public auction unless, in the opinion of the court, it would benefit the estate to sell the same at private sale, and in that event the court should order a private sale; that the order does not direct that the sale be made at public or private sale and does not direct that it shall be made for cash. The order complained of is as follows:

"It is, therefore, ordered, adjudged and decreed by the court that the said D. X. Sanders, as the guardian of the person and estate of said minor, be, and he is hereby authorized and directed to sell in one parcel, lot, or tract, or in separate parcels, lots or tracts, or subdivisions thereof, as said guardian shall deem just and beneficial to the estate of said minor, the following described real estate, situated in the county of Sequoyah, state of Oklahoma, to wit: The southeast quarter of the northwest quarter, and the northeast quarter of the southwest quarter of section ten (10), township eleven (11), north and range twenty-three east."

The prayer of the petition is as follows:

"Wherefore, petitioner prays the court that upon hearing had hereon, he be authorized to sell the S. E. ¼ of N. W. ¼ and the S. W. ¼ of S. W. ¼ of section ten, township eleven N. range twenty-three east of said real estate, at public or private sale as shall be deemed most beneficial and for the best interest of said ward."

The notices of sale recite that the land will be sold at private sale for cash to the highest and best bidder.

Return of sale recites that the land was sold to Sol Sells at private sale, he being the highest bidder therefor for $8,000 cash.

The pertinent portion of the order of confirmation is as follows:

"The court finds that pursuant to said order of sale, said D. X. Sanders, guardian of said minor, sold that portion of said real estate of said minor, described as follows, to wit:

"The southeast quarter of the northwest quarter and the northeast quarter of the southwest quarter, all in section ten (10), township eleven (11) north, and range twenty-three (23) east.

"To Sol Sells for the sum of $8,000 cash in hand, or confirmation of said sale by the county court.

"That said purchaser was the highest and best bidder therefor; that said sum was the highest and best sum bid for real estate; and that the said sale was legally conducted and made; that said sum is not disproportionate to the value of the property sold, and is in excess of the appraised value thereof, that the sum exceeding such bid at least ten per cent. exclusive, the cost of a new sale cannot be obtained; and that said D. X. Sanders, guardian, in all things proceeded and conducted the sale as required by law and the statutes in such case made and provided and as required by orders of this court.

"Therefore, it is ordered, adjudged, and decreed by this court that said sale be and the same is hereby confirmed, approved and declared valid in all things. And said guardian is hereby directed to execute to said purchaser a proper and legal conveyance of said real estate, hereinafter particularly described."

If the failure of the court to direct that sale be made at private sale is a nonjurisdictional defect, the sale is not void, but such error is cured by order of confirmation.

We are unable to find a case where the instant question has been presented for determination. There are many cases, how-

ever, involving attacks upon guardianship sales for defects in the proceedings which are applicable hereto by analogy. A very recent case is that of Factor v. Perkins. 164 Okla. 20, 22 P. (2d) 391. In that case the validity of a guardian's sale was challenged for failure to comply with the statute regulating posting and publishing of notices of said sale. In the body of the opinion, it is said:

"The decision in the case of Tiger v. Drumright, 95 Okla. 174, 217 P. 453, was based on the previous case of Eaves v. Mullen, 25 Okla. 679, 107 P. 433, 442, wherein this court, in 1910, speaking through Mr. Justice Hayes, held that a guardian's sale could not be collaterally attacked because the publication of the notice of hearing on the return of sale was insufficient. In that case the doctrine was announced that 'defects in the steps of a proceeding made subsequent to the acquiring of jurisdiction for a proceeding for the sale of real estate by a guardian were not fatal to the jurisdiction of the court'. That case also stated: 'The court obtains jurisdiction of the proceeding, and defects in the proceeding thereafter are irregularities which may be corrected on appeal, but cannot be made the grounds of a collateral attack', such defects and irregularities therein being cured by the order of confirmation. The order of confirmation in the case at bar likewise contains the necessary recitals under our statutes to cure any defects in the irregularities as to the notice of sale. * * *"

Another recent case is that of Sarber v. Marland Oil Co., 147 Okla. 257, 296 P. 473, in which it was said:

"After a county court obtains jurisdiction of a guardianship sale proceeding, all nonjurisdictional irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities."

In that case it was also held that the jurisdiction of the court to order the sale of minor's real property depends on the sufficiency of the averments of the petition and not on the truth of the averments. Dosar v. Hummell, 89 Okla. 152, 214 P. 718.

In the case of Harrison v. Orwig, 149 Okla. 54, 299 P. 143, it is said:

"In Tiger v. Drumright, 95 Okla. 174, 217 P. 453, this court held: 'County courts of this state have general jurisdiction in probate matters, and their orders and judgments will be accorded like force, effect, and legal presumption of other courts of general jurisdiction, and a guardian's petition to sell real estate of a minor, which contains sufficient allegations to challenge the attention of the court in regard to its merits, is sufficient to give the court jurisdiction, and a sale made thereunder cannot be attacked for insufficiency of the petition on a collateral attack. The rule announced in Cowan v. Hubbard, 50 Okla. 671, 151 P. 678, L. R. A. 1918C, 958, and Welch v. Focht, 67 Okla. 275, 171 P. 731, L. R. A. 1918D, 1163, followed.'

"From the second paragraph of the syllabus in the case of Sockey v. Winstock, 43 Okla. 758, 144 P. 372, we quote the following: 'When the petition filed with county court contains facts substantially in accordance with the provisions of the statute, the court acquired jurisdiction; and, notwithstanding the proceedings may be irregular and erroneous, the judgment rendered will not be void and subject to collateral attack.' The petition and order for sale were sufficient."

In determining whether or not section 1283, O. S. 1931, is mandatory or directory only, we find the following helpful rule announced in Harrison v. Orwig, supra:

" 'Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purposes of the statute.' Sutherland on Statutory Construction, vol. 2, secs. 610 and 611."

In line with the above authorities we conclude that upon the filing of a sufficient petition by the guardian to sell the real estate, and the giving of proper notice, the county court acquired jurisdiction of the parties and the subject-matter. The petitioner, in compliance with section 1283, supra, seeks an order of the court to sell said real estate at public or private sale as shall be deemed most beneficial and for the best interests of the ward. Section 1283, supra, authorizes the court to determine whether or not it is to the best interests of the ward to sell said property at public or private sale and enter said determination in the order of sale. In this, the order is defective: however, in the light of the entire record, we cannot say that said determination was not made for the reason that in the order of confirmation the court, in addition to approving each step of the transaction, finds that the guardian in all things proceeded

and conducted the sale as required by law and the statutes in such cases made and provided and as required by the orders of this court."

We therefore conclude that the defect in the order of sale was a nonjurisdictional defect or mere irregularity by which the defendant was not prejudiced and which was cured by the order of confirmation of said sale.

Judgment of the trial court is reversed and the cause remanded, with directions to the trial court to enter judgment for plaintiff and to take further proceedings not inconsistent with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and BUSBY, JJ., concur. RILEY, C. J., and BAYLESS and WELCH, JJ., absent.