### WARE v. TYER.

No. 32153.  April 1, 1947.

Rehearing Denied July 1, 1947.

*182 P. 2d 519.*

Stigler & Jackson and Champion & Fischl, all of Ardmore, and Gerald Tebbe, of Oklahoma City, for plaintiff in error.

Ezra Dyer, of Ardmore, for defendant in error.

BAYLESS, J. Philip Ware appeals to this court from a judgment of the district court of Carter county refusing his plea for relief against S. W. Tyer, and later Wirt Franklin also, quieting his title to certain real estate.

Many years ago Ware owned this property but became involved in financial difficulties relating to it and thereafter entered into a series of contractual arrangements with Franklin, culminating in a warranty deed by Ware and wife to Franklin subject to a stated mortgage. Later Franklin conveyed this property to his wife, who in turn conveyed it to certain trustees named in an assignment for the benefit of the creditors of Franklin, who in turn conveyed it to Tyer. During all of this time and at the commencement of the action by Ware, Ware was in possession.

Ware's contention with respect to these incidents may be summarized thus: (1) That he reimbursed Franklin for all of the money Franklin may have expended on his behalf under the contracts made before the deed and at the time the deed was given, he was not indebted to Franklin; and (2) he gave Franklin the deed for the purpose of enabling Franklin to dispose of the mineral interests to raise money to discharge a mortgage debt then existing and in default. He contends that Franklin held title to this land as his trustee, that he breached the terms of his trust and agency by failing to dispose of the minerals and thereby raise sufficient money to discharge the mortgage debt, and that the conveyance of the property to others was in violation of Ware's rights and ineffectual to vest any title to the grantees named in such conveyances or to deprive Ware of his title to and ownership of the property. Tyer makes a number of contentions designed to defeat Ware's claim, one of which was sustained by the trial court and is, in our opinion, sufficient to determine this appeal in Tyer's favor.

Tyer's evidence, which is undisputed, is that he relied on the record title at the time of the purchase of this property, that he paid a valuable consideration for it, and had no notice of Ware's possible claim thereto. To sustain this in law, Tyer relies upon 46 O.S. 1941 §11, and the decisions of the court construing and applying that section of our statutes. Ware denies the applicability of this section to the case, and asserts that the consideration paid by Tyer for this property was inadequate, and the inadequacy of consideration and notice which Tyer had of Ware's possible claim to this property by virtue of Ware's possession of the property combine to preclude him from being an innocent purchaser or a purchaser without actual notice under the statute cited.

It appears from the record that Tyer bought several hundred acres of land, including the land involved, for $12,500, and regarded this land as being bought for about six or seven dollars per acre. There is evidence in the record concerning the value of this land, including and excluding its speculative mineral value, and after considering all of it we are unable to say that the price estimated to have been paid is so inadequate as to deprive Tyer of his claim to be a purchaser for value. Under Allen v. Jones,

188 Okla. 546, 110 P. 2d 911, Moschos v. Bayless, 126 Okla. 25, 258 P. 263, and other decisions, this action was primarily equitable in nature upon the joinder of issues, and being such, we cannot reverse the findings of the trial judge unless we can say they are clearly against the weight of the evidence.

Ware's argument that Tyer was a purchaser with notice is based upon that line of decisions of this court represented by Anthis v. Sandlin, 149 Okla. 126, 299 P. 458, and like cases to the effect that a purchaser who has a constructive notice of facts which would put a prudent man upon inquiry as to the facts of the case but who makes no investigation is deemed to have actual notice of the facts as they exist. Therefore, Ware says, when Tyer purchased this property with Ware in possession he had constructive notice of whatever rights Ware might have in and to the property, and when he failed to do what an ordinarily prudent person would do, that is, investigate the matter to learn the truth, he is deemed to have actual knowledge of the fact that Ware was in possession as the owner of the property. There are many decisions of this court, arising under the registry laws of this state, 16 O.S. 1941 §15 et seq., to this effect.

However, Tyer contends, and we think correctly so, that this case is governed by the provisions of 46 O.S. 1941 §11, as construed and applied by this court in a number of cases beginning as early as Armstrong v. Phillips, 76 Okla. 192, 184 P. 109, down to Starritt v. Longcor, 179 Okla. 219, 65 P. 2d 979. Section 11, just cited, reads:

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the deeds of the county where the property is situated."

As construed in Armstrong v. Phillips, supra, this section of our statute was given precedence and controlling effect over other sections of the statute, and while the court said in that case that it was necessary for a person defending against the grantor in such an instrument to show that he, the purchaser, was an innocent purchaser, we think the later decisions of the court clearly establish that the term "innocent purchaser" should be judged in such an instance as this upon the element of actual notice. It is the evident purpose of the act to provide protection for a purchaser who relies upon a record conveyance and to prevent the grantor in such a conveyance from unduly or unfairly taking advantage of such a purchaser by asserting rights based upon a secret or unrecorded contract of defeasance or reconveyance. Ware criticizes the decisions from other states cited and relied on by Tyer as involving conveyances given as security of debt and defeasible for that reason and argues that such instances differ from conveyances such as this with contract for reconveyance upon conditions performed. Whether this is a valid criticism and distinction to be made between those decisions and the facts in this case, this argument loses its effect in the face of our decision in Starritt v. Longcor, supra. In that case the daughter held title to property for the benefit of her father without the element of debt and defeasibility based thereon entering into the transaction. If the contract between the daughter and the father could be characterized as anything, it was that of principal and agent or an agreement to reconvey upon condition or upon demand. Under the facts in this case and the decisions of this court, we think Tyer was justified in relying on the record of title and has the full protection that is provided in section 11, supra.

Ware recognizes the rule to be in this state that the continued possession of a

grantor is not regarded as constructive notice under Perry v. Norris, 178 Okla. 7, 62 P. 2d 70, Collins Inv. Co. v. Waide, 70 Okla. 191, 173 P. 835, and other Oklahoma decisions, but argues that the effect of this rule is greatly weakened by long continued possession of the grantor. Some attention was paid to this aspect of this rule in Perry v. Norris, supra, but this court doubted the importance of the length of possession. It seems difficult to us to attach the significance to the long-continued possession which Ware relies on in this instance since, for the same period of time, his deed absolute in form and uncontested, as well as subsequent conveyances based on the title, constituted as strong a chain of circumstances to evidence his having parted with his title as his possession would be any notice of a retained secret claim of title. As stated above, it is our opinion that section 11, supra, is designed to protect those who purchase in reliance on a recorded instrument as against the claims of the grantor of that instrument based on secret, unpublished, and unrecorded claims of defeasibility or right to reconveyance on condition.

The parties present and argue many other contentions, but since the ones which we have discussed herein are those actually decided by the trial court and are determinative of the issue here, there is no occasion to discuss the other contentions.

The judgment appealed from is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, and GIBSON, JJ., concur. OSBORN, J., concurs in conclusion.