CASKER v. DENNIS et al.

No. 34708.    Nov. 18, 1952.

Rehearing Denied Feb. 3, 1953.

*252 P. 2d 1027.*

Curtis & Blanton, Pauls Valley, and Twyford, Smith & Crowe, Oklahoma City, for plaintiff in error.

Owen F. Renegar, Oklahoma City, for defendants in error.

JOHNSON, J.   This is an action to quiet title to a 40-acre tract of land located in Garvin county, Oklahoma, in which the plaintiff in error, Margaret T. Casker, is the plaintiff.   The defendants are James M. Dennis and Mrs. James M. Dennis (husband and wife), and Henry Marcum, if all of said defendants are living and if any of them be dead then the respective un-

known heirs, executors, administrators, devisees, trustees and assignees of such deceased persons, Ernest Wall, as county treasurer of Garvin county, State of Oklahoma, and the board of county commissioners of Garvin county, State of Oklahoma.

The petition was filed February 1, 1945. Personal service of summons was had on defendant Henry Marcum on February 3, 1945. The defendants county treasurer, Wall and the board of county commissioners were personally served and duly filed an answer. Service by publication was duly obtained on the other defendants. .An attorney for the defendants was appointed and he duly filed an answer, which was deemed necessary under the terms of the Soldiers and Sailors Relief Act. The defendant, Henry Marcum, defaulted. The county treasurer and board of county commissioners appeared by the county attorney.   The other defendants made no appearance except by the attorney appointed by the court under the Soldiers and Sailors Relief Act.

Judgment quieting title against all defendants was rendered on April 21, 1945. On March 18, 1948, Marguerite Dennis, widow of James M. Dennis, Maytie Mitchell and R. N. Dennis, claiming to be the only heirs of James M. Dennis, deceased, filed their motion to vacate the judgment of April 21, 1945.   With this motion they filed an answer.   On June 10, 1948, an order was entered opening the judgment. The amended answer and cross-petition of the Dennis heirs, which was filed on June 29, 1948, alleges that they are the sole and only heirs of J. M. Dennis, deceased, who, they contend, owned the lands in controversy at the time of his death; they further contend that the plaintiff deraigned her title to said lands from a commissioner's ·deed, which was based on a resale tax deed; that the resale tax deed was void because the publication for the notice of resale included the last quarter of 1939 taxes; that said last quarter of 1939 taxes was not delinquent at the com-

mencement of the said notice of resale; that the notice of resale published prior to the second Monday in May, 1940, in which the said land was advertised for sale for taxes included among other taxes the assessments for the years 1936, 1937, 1938 and 1939; the said assessments included certain illegal assessments by reason of which said resale tax deed was void.

The defendants tendered into court the amount of taxes, penalties, etc., and asked that the plaintiff take nothing and that the tax deed be declared null and void.

Defendants (Dennis heirs) in their cross-petition allege that one of the codefendants, Henry Marcum, has asserted claim on their property in that on the 21st day of October, 1936, Henry Marcum made a loan to J. M. Dennis, otherwise known as James M. Dennis, now deceased, in the sum of $150 with interest at 8 per cent payable annually; that as security for the loan J. M. Dennis, on October 21, 1936, made, executed and delivered to Henry Marcum a general warranty deed, a copy of which was attached to their answer and cross-petition and made a part thereof; that though the deed is in the usual form of conveyance, making Henry Marcum the record owner of the land, yet his deed was security for the $150 loan and they pray that the deed from their ancestor, J. M. Dennis, to the codefendant, Henry Marcum, be declared to be a mortgage, and that their title be quieted as against Henry Marcum.

The record discloses that Henry Marcum, without permission of the court and after judgment against him had been final for more than three years, filed an answer on July 8, 1948; which answer was prepared by the attorneys for the Dennis heirs. Marcum admitted in this answer that the deed to him was a mortgage and asked that it be foreclosed.

The plaintiff filed a motion to strike the answer of Henry Marcum. The plaintiff in her amended reply to the answer and cross-petition of the Dennis heirs moved that their cause of action against the codefendant, Henry Marcum, be stricken because not germane to plaintiff's cause of action. Both motions were overruled and exceptions saved.

In the interim the Texas Oil Company intervened and claimed title to an oil and gas lease. The judgment of the court involving the Texas Company is not presented in this appeal.

When the trial was concluded, the trial court made findings of fact and conclusions of law, and rendered judgment based thereon in favor of the Dennis heirs against plaintiff. It also rendered judgment against Henry Marcum in favor of the Dennis heirs. The oil and gas lease of the Texas Company, based upon the judgment of April 15, 1945, was upheld. This judgment was conditioned on the payment to Marcum by the Dennis heirs the amount of the alleged loan ($150) with interest, which was to be deposited with the court clerk within 30 days. This was never so paid. But, thereafter, on April 6, 1950, a receipt and release signed by Henry Marcum was filed with the court clerk. On the 27th of April, 1950, the Dennis heirs offered in evidence the receipt from Marcum. Thereupon final judgment was rendered in favor of the Dennis heirs. Motion for a new trial was filed within three days after the conditional judgment and another within three days after the final judgment; both were overruled with exceptions, resulting in this appeal.

Numerous assignments of error are made which are presented under three propositions, to wit:

"Proposition One: The Court erred in hearing the issues between the defendant Henry Marcum and his co-defendant, the defendants in error here, and in rendering judgment on such issues, for the reason that they are not germane to the issues presented by the petition.

"Proposition Two: The final judgment against Henry Marcum in favor of plaintiff extinguished all title of defendants, the heirs of Dennis.

"Proposition Three: The evidence was insufficient to justify the court in finding that the deed of October 21st, 1936, was intended to be a mortgage, and in holding it to be a mortgage."

A determination of the second proposition favorable to plaintiff will, we think, eliminate the necessity of considering propositions one and three.

The record discloses through the court's findings of fact and the amended answer of the Dennis heirs that on October 21, 1936, J. M. Dennis was the owner of the lands involved in this action; that on that date he executed and delivered a warranty deed conveying the premises to Henry Marcum, which was filed for record on February 11, 1937; that no deed of reconveyance was ever executed by Henry Marcum; that the plaintiff herein entered into possession of the lands on August 16, 1940 under her resale tax deed which is not void on its face; that she has remained in possession of the same since then, paying the taxes as owner, without any notice actual or constructive of the claims of the Dennis heirs. The record conclusively shows that the recorded adverse claimant to the land in controversy was Henry Marcum; that his title had been placed in him by the deed to him from J. M. Dennis; no cause of defeasance was incorporated in the deed; nor was any separate instrument of defeasance executed and recorded. Marcum was a proper party to the action and the court had jurisdiction over the parties and the subject matter at the time the default judgment quieting title in plaintiff against Marcum was rendered on the 21st day of April, 1945; that he never appealed from such judgment or made application to vacate same, thus allowing the judgment to become final. Therefore, we are confronted with the legal question as to the effect of a final judgment quieting title against the record owner.

We think the final judgment against Henry Marcum, the record owner, in favor of the plaintiff, extinguished all titles or unrecorded claims of defendants, the heirs of J. M. Dennis.

The statute controlling, under the facts in the case at bar, is sec. 11 O.S.A. 1951 Title 46, and provides:

"When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the (register of) deeds of the county where the property is situated."

In Ware v. Tyer, 199 Okla. 96, 182 P. 2d 519, applying the above statute and following the rule announced in Starritt v. Longcor, 179 Okla. 219, 65 P. 2d 979, it was said:

"Where the owner of land gives another an absolute deed to the land subject to an unrecorded agreement between themselves qualifying the title ostensibly conveyed, and the grantee conveys the land to others, a subsequent purchaser who purchases in reliance on the record title and has no actual notice of the former owner's claim is protected under 46 O.S. 1941 §11."

The principal defendant and record owner of the land, Henry Marcum, after service of summons on him, ignored the pendency of the action and permitted final judgment to be taken against him and after the lapse of more than three years, ignores that judgment by filing, without permission or without any attempt to set aside the former judgment, an answer in the cause. Such procedure is not based upon legal principle, rule or precedent.

Under the record and contentions of the defendants in this case, we think

the language used in Lind v. Goble, 117 Okla. 195, 246 P. 472 (at page 475) is apropos herein. There it was said:

"The judgment erroneously determining the tax deed valid was not itself void, but merely voidable on direct attack. The court had jurisdiction of the parties and the subject-matter and judicial power to determine the validity of the tax deed. Its judicial action was invoked in each case by sufficient averments in the petitions, and in the instant case, at least, by a sufficient traverse of those averments in the answer. It determined an issue joined by the parties and its judgment, whether correct or erroneous, became final."

With reference to the contentions of the defendants as to the invalidity of the tax deed, it is noted that in the Lind v. Goble case, supra, we quoted with approval the rule announced in Priest v. Robinson, 64 Kan. 416, 67 P. 850, as follows:

"We attach but little importance to the title acquired by the tax deed. Standing alone, plaintiff would have but little trouble avoiding it. But the decree against plaintiff, quieting title to the property in Randall, holding under this deed, is a matter of more consequence. In this action of ejectment the attack made upon this decree is purely collateral, and unless absolutely void, as distinguished from voidable, the decree must stand in this case,—a perpetual barrier between plaintiff and a recovery."

In Lind v. Goble, supra, paragraph two of the syllabus, it was said:

"Where the holder of a resale tax deed recovers judgment on the merits in an action of ejectment against the record owner of the land who is also in possession and such judgment becomes final, in a subsequent action of ejectment by the holder of a deed to the same land which was unrecorded when the prior action was commenced and when judgment was rendered, brought against the plaintiff in the prior action, said second action being based upon the invalidity of the resale tax deed adjudicated in the first action, the judgment establishing the validity of the resale tax deed, even though erroneous as a matter of law, and even though the resale tax deed be absolutely void, is res adjudicata and operates as an estoppel against the assertion of any rights under the unrecorded deed."

See, also, Patterson v. Ralph, 180 Okla. 150, 68 P. 2d 499 (and cases cited therein). Therein it was held that the recording of an assignment of a mortgage covering realty is necessary to protect assignee from divestiture of title, lien or interest by judgment in a suit to quiet title by a person without notice of the assignment.

For the reasons announced in Lind v. Goble, supra, and followed in subsequent cases and other cases noted herein, we conclude that the judgment rendered on April 21, 1945, in Casker v. Marcum, is res adjudicata of the rights claimed by the defendants herein and operates as an estoppel against their subsequent assertion of such rights.

The judgment is therefore reversed and remanded, with directions to vacate the judgment and reinstate the judgment rendered on April 21, 1945.

ARNOLD, C.J., HALLEY, V.C.J., and C O R N, and O'NEAL, JJ., concur. WELCH and DAVISON, JJ., dissent.

DAVISON, J. (dissenting). I cannot concur in the majority opinion in this case for the reason that I do not think the rules of law stated in the syllabus are applicable to the facts herein. In addition, I cannot see the consistency between the allegation in the petition that Mr. and Mrs. Dennis were claiming and asserting a claim and title to the realty adverse to plaintiff's title and the argument that the judgment quieting title is final because plaintiff had no knowledge that Mr. and Mrs. Dennis were claiming and asserting a claim and title to the realty adverse to plaintiff's title. As to the first paragraph thereof, I cannot understand how the recording laws of this state, which are the foundation of constructive notice of those conveyances properly recorded, could have any bearing on the rights of a purchaser at tax resale or

county commissioners' sale based on tax resale. If the tax sale statutes are complied with, the claims and title of all persons are canceled and terminated whether such claims are known or unknown or are apparent from the record or not. The case cited, Ware v. Tyer, to support the proposition, deals with ordinary purchasers of the property and has no application to tax sales.

As to the second paragraph of the syllabus, it seems to be overlooked that the application to vacate judgment herein was filed by one original defendant and the heirs of another original defendant who were served by publication and, as against whom, judgment was by default. Under the provisions of 12 O.S. 1941 §176, they had the right to have the judgment vacated and be let in to defend at any time within three years from the date of rendition of judgment. The statute gives this right of vacating the judgment and defending the action, irrespective of the validity of the judgment. The only requirements are that the defendants were ignorant of the pendency of the action; that the judgment was taken by default after service by publication; and that defendants have a good defense to the action. There could be no better defense to this character of action than that the tax deed, upon which it was founded, was absolutely void. This does not constitute a collateral attack on the judgment but is direct and is authorized by statute. The cases cited to sustain the application of the principle stated to the facts herein deal only with situations where the attack is made in a collateral proceeding by one not a party to the original judgment, or by an original defendant as to whom the judgment has become final.

To me, the conclusion reached by the majority of the court has the effect of sustaining a void tax deed on technical ground not applicable to the facts.

I therefore respectfully dissent.