**Neale VANN and Barbara R. Vann, Appellants,**

v.

**Robert O. WHITLOCK, First National Bank of Tonkawa et al., Appellees.**

**No. 60263.**

Court of Appeals of Oklahoma, Division No. 4.

Oct. 30, 1984.

Released for Publication by Order of the Court of Appeals Nov. 21, 1984.

Neale Vann, pro se.

Barbara R. Vann, pro se.

David R. Garrison, Garrison, Morris & Maddox, Ponca City, for appellee First Nat. Bank of Tonkawa.

John E. Northcutt, Northcutt, Raley, Clark & Gardner, Ponca City, for appellee Federal Land Bank of Wichita.

DE MIER, Presiding Judge.

In this action various equitable remedies were sought by plaintiff including enforcement of a written option contract to repurchase certain real property and a determination that plaintiff take title to the property free of several recorded mortgages. The trial court sustained one defendant mortgagee's demurrer to the petition and granted a second defendant mortgagee a summary judgment. We affirm both rulings.

## FACTS

In 1951 plaintiffs, Neale and Barbara Vann, purchased approximately 530 acres of farm land located in Kay County, Oklahoma, and have continuously resided there. The land was subject to a mortgage lien. In 1971, the Vanns' interest was foreclosed upon by a judgment in favor of the mortgagee, and execution was issued.

Before the foreclosure sale, the Vanns entered into an oral agreement with Robert O. Whitlock, who was a defendant at trial but not a party to this appeal. The agreement called for Whitlock to pay off the indebtedness on the land and in exchange the Vanns would deed the property to Whitlock. It was also agreed that Whitlock would give the Vanns an option to repurchase the property for the amount of indebtedness owed on the land.

Pursuant to the agreement, Whitlock obtained a loan from Federal Land Bank and executed a mortgage covering the property to secure the loan on September 9, 1971. The money obtained from this mortgage was used to pay off the judgment creditor, thereby preventing a judicial sale of the property. The Vanns agreed to make the payments on the loan and in fact had made over $3,000 in payments at the time of the pre-trial conference.

On November 17, 1971, the Vanns executed two quit claim deeds to the property to Whitlock and his wife. Shortly thereafter, the agreement giving the Vanns an option to repurchase the property was written on a piece of paper and signed by the Vanns and Whitlock on December 20, 1971. This agreement was never filed of record, but the quit claim deeds to the Whitlocks were.

Subsequently, Whitlock, as the record owner, mortgaged the property plus additional security on two other occasions, those being April 16, 1973 and March 25, 1975 to the Federal Land Bank. In addition, Whitlock later executed a mortgage to the Tonkawa Bank on November 18, 1977. All mortgage transactions involved the property in question.

In 1981, the Tonkawa Bank filed a foreclosure action against Whitlock and the property. The Tonkawa Bank received a judgment on July 14, 1982. Prior to the Tonkawa judgment, Whitlock placed the property up for sale by way of an auction which was advertised to be held on July 17, 1982. The Vanns, who were still in possession of the property as lessees, learned of the proposed auction sale of the property on July 6, 1982.

On July 14, 1982, the VAnns filed their petition to enforce the written option agreement to repurchase the property. Upon application, the trial court granted the Vanns a temporary injunction prohibiting Whitlock's auction sale. At the hearing for the temporary injunction, the Vanns learned of the mortgages held on the property by the Federal Land Bank, the Tonkawa Bank and others. By way of an amended petition, all mortgagees were joined in the action.

In their amended petition, the Vanns sought reformation and specific performance of their option agreement to repurchase the property. Among other requests, the Vanns also prayed for a judgment decreeing their interest in the property superior to the mortgage liens held by the defendant mortgagees. The Vanns alleged they had been refused their right to repurchase the land by Whitlock's action of placing the land for sale by auction. They further alleged they had no knowledge of the subsequent mortgages until filing their lawsuit in 1982. In addition, the Vanns argued their possession of the property was known or should have been known by the subsequent mortgagees.

A pre-trial conference was held on February 17, 1983. At the conference, defendant Tonkawa Bank made an oral demurrer to the Vanns' amended petition. After reviewing briefs submitted by the concerned parties, the trial court sustained the oral demurrer of Tonkawa Bank. The trial court reached the legal conclusion that the Vanns, as prior grantors who were claiming the property by possession, had failed to give actual notice of their claim (option agreement to repurchase) to the mortgagee Tonkawa Bank. In addition, the trial court held that constructive notice by the Vanns' possession was insufficient to put the Tonkawa Bank on inquiry as to any claim held by the Vanns. In this appeal, the Vanns do not attack the procedure used in granting an oral demurrer, nor do they argue authority to avert the trial court's ruling of not allowing leave to amend.

Subsequently, the trial court granted summary judgment for another mortgagee, Federal Land Bank, for virtually the same reasons under a somewhat dissimilar fact situation as existed with the Tonkawa Bank. From these two rulings, the Vanns appeal to this court.

## LAW

### I

In their first proposition, the Vanns contend the Oklahoma law requiring a prior grantor to give actual notice by recording any claim he may have to the property should be overruled as being illogical and inequitable. This argument is not persuasive.

The controlling statute referred to as the prior grantor exception is 46 O.S. 1981 § 11, which states:

When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in the office of the register of deeds of the county where the property is situated. (Footnote omitted.)

This statute was interpreted in the case of *Ware v. Tyer*, 199 Okl. 96, 182 P.2d 519 (1947), in which the court stated the evident purpose of the statute is to protect those who purchase in reliance on a recorded instrument as against the claims of the grantor of that instrument based on secret, unpublished, and unrecorded claims of defeasibility or right to reconveyance on condition. Other cases which have reviewed 46 O.S. 1981 § 11, and have similar holdings include *Casker v. Dennis*, 208 Okl. 34, 252 P.2d 1027 (1952); and *Starritt v. Longcor*, 179 Okl. 219, 65 P.2d 979 (1937).

Because the option to repurchase contract came into existence on December 20, 1971, the trial court correctly applied the prior grantor exception to the April 16, 1973 and March 25, 1975 mortgages made by the Federal Land Bank, and to the November 18, 1977 mortgage given to the Tonkawa Bank.

After a close review of the facts involved, this court has made the determination that the prior grantor exception is not applicable to the Federal Land Bank in respect to the September 9, 1971 mortgage. It presents a different problem. The undisputed facts indicate the Federal Land Bank was granted a mortgage from Whitlock on

September 9, 1971. At that time, the Vanns were still the record owners. The Vanns' conveyance to Whitlock did not occur until November 17, 1971, and being the record owners of the property, they could not be prior grantors at the time the first mortgage to the Federal Land Bank was executed.

 The Vanns do not contend there are any unresolved issues of material facts surrounding the September 9, 1971 mortgage to the Federal Land Bank. Therefore, only a legal issue is presented with regard to the Federal Land Bank's first mortgage. We hold that since the loan was obtained at their request and for their benefit, and since they received the benefit of the first mortgage loan proceeds—to pay off the foreclosure judgment—the Vanns are estopped from denying its validity. Thus the summary judgment was proper.

## II

■ The Vanns further assert the length of their possession of the premises would be notice of a fact inconsistent with record title and thereby sufficient to put an ordinary prudent man on inquiry with regard to all mortgages after September 9, 1971. Oklahoma cases have always recognized the longstanding rule that continued possession of a prior grantor is not regarded as constructive notice. *Ware*, 199 Okl. at 98–99, 182 P.2d at 522; and *Perry v. Norris*, 178 Okl. 7, 62 P.2d 70 (1936).

■ Even if the Federal Land Bank and the Tonkawa Bank had knowledge of the Vanns' possession of the premises, they did not have a duty to inquire into any claim held by the Vanns. At the time of making their mortgages, the Federal Land Bank in 1973 and 1975 and the Tonkawa Bank in 1976, relied upon the record of title which was held by Whitlock. In *Illinois Valley Trust Company v. Sells*, 167 Okl. 58, 59–60, 27 P.2d 1045, 1046 (1933), the Supreme Court stated in part:

"[K]nowledge that a grantor, under whom the vendor claims, is in possession of the property, is not such knowledge as to put a purchaser upon inquiry as to the title of such grantor." (Citations omitted.)

More specifically, *Illinois Valley* held that a mortgagee need not inquire as to the title of a prior grantor.

## CONCLUSION

Considering all allegations and admitted facts most favorable to the Vanns, this court finds the Vanns have failed to state a sufficient cause of action against Tonkawa Bank. The order sustaining the demurrer in favor of the Tonkawa Bank is therefore affirmed. This court further finds no controversy as to any material facts with regard to the first Federal Land Bank mortgage and that under the undisputed facts, Federal Land Bank is entitled to judgment as a matter of law. The summary judgment for the Federal Land Bank is also affirmed.

BRIGHTMIRE and STUBBLEFIELD, JJ., concur.